## HALL v. SMITH *et al.*

1. APPEAL: PAPERS ON THE RECORD. It is the duty of the appellant to see that the transcript in a cause appealed embraces all papers therein which are necessary to a clear understanding of the ruling excepted to. When the facts are found by the Court, with the conclusion of law based thereon, and no exception is taken to the finding of facts, it is unnecessary to place the pleadings in the transcript.

2. ACCORD AND SATISFACTION. While at common law, an accord without satisfaction does not bar the rights of the parties to proceed on the original contract, an accord founded upon a new consideration, and accepted as a satisfaction, will be held to take away the remedy under the old contract.

3. SAME. Whether there has been a new consideration in legal contemplation, and whether the accord has been accepted as a satisfaction, must be determined from the circumstances of each case.

*Appeal from Polk District Court.*

FRIDAY, APRIL 8.

THIS cause was before this Court, at the December Term, 1859. 10 Iowa, 49. Being reversed and remanded, it was referred in the Court below to J. M. ELLWOOD, Esq., as Referee, who found and reported the facts, and from these held, that plaintiff was entitled to recover; which finding was affirmed and the defendants appeal.

*C. C. Nourse,* with whom was *Bates and Phillips,* for the appellant.

I. The dismissal of the replevin did not determine the issue as to the right of possession in the property, or of special property therein; and said issues may be now made, and if found for the defendants constitute a complete defense to the action on the bond. *Hall* v. *Smith et al.*, 10 Iowa, 47; *Harman* v. *Goodrich*, 1 G. Greene, 13; *Buck* v. *Rhodes et al.*, 11 Iowa, 348; *Bills* v. *Northington*, 3 Gill & J., 252; *Jennings* v. *Johnson*, 17 Ohio, 154; *C. & C. Iron Company* v. *Tilghman*, 13 Md.; *Badlam* v. *Tucker*, 1 Pick., 287; *McQueen* v. *Ship Russell*, 1 Cal., 165; *Ohime et al.* v. *McKay*, 19 Ill., 604; 13 Id., 619; *Guiace* v. *Atwood*, 8 Cal., 448.

II. The question is not one of accord and satisfaction, technically speaking, but is a question of the waiver of the conditions of the bond. *Fleming* v. *Gilbert*, 3 John., 529; *Baldwin* v. *Tucker, supra; Ailne* v. *Alter*, 14 Mo., 185; *Babcock* v. *Hawkins*, 13 Verm., 561.

III. It was error to render judgment against Bates and Phillips for the value of the property taken. Replevin does not divest the title of the defendant, and the possession which he obtains is only temporary. *Hunt* v. *Robinson et al.*, 11 Cal., 242; *Lockwood* v. *Perry*, 9 Met., 440; 13 Md., 74. If the suit had been prosecuted to judgment, and a judgment for the return of the property awarded, no action would lie upon the bond, until after demand of the property.

*C. C. Cole* and *S. V. White* for the appellee.

I. The plaintiff Hall being the owner of such property, and in possession of it as such owner, and having "agreed to sell to Smith said property" his possession was rightful, and Smith could not maintain replevin before he demanded the property of Hall; or by some other act Hall's possession was made wrongful. *Ingalls* v. *Buckley*, 13 Ill., 315;

*Stanchfield* v. *Palmer*, 4 G. Greene, 23; *Gilchrest* v. *Moore*, 7 Iowa, 9.

II. The verbal agreement between the parties, whereby it was stipulated that Hall should sell to Smith the property for $1,000, to be paid November 1st following, and the replevin suit be dismissed at Smith's costs, was but an agreement for accord and satisfaction, and can, therefore, constitute no defense, unless executed and performed. This question has been so adjudicated by this Court, in this case, on a former appeal. *Hall* v. *Smith et al.*, 10 Iowa, 45; 2 Par. Contr., 194; *Hawley* v. *Foote*, 19 Wend., 516; *Fentress* v. *Markle*, 2 G. Greene, 553; *Cole* v. *C. & E. Sackett*, 1 Hill, 516; *Waydell* v. *Luer*, 5 Hill, 448; *Woodruff* v. *Dobbins*, 7 Blackf., 582.

III. The defendants seek to overturn the *prima facie* case made against them by a judicial record procured by their own motion, by contradicting or explaining away the same, without alleging or showing any deception, mistake or fraud. The record is conclusive. 1 Greenl. Ev., §§ 541, 533; *Webster* v. *Reid*, Morris, 467; *Reed* v. *Wright*, 2 G. Greene, 15; *Cooper* v. *Sunderland*, 3 Iowa, 114.

IV. The action of replevin was dismissed at plaintiff's costs. There was a failure to prosecute the suit to judgment, and the defendant in replevin could maintain his action on the bond to recover damages, including the value of the property. *Hall* v. *Smith et al.*, *supra; McGinnis* v. *Hart et al.*, 6 Iowa, 204; Code of 1851, § 2001.

V. There is a question of practice involved in this case growing out of the mutilated or partial transcript which has been ordered by the appellant in their notice of appeal, and furnished accordingly by the clerk. It does not contain the petition, the original answers, demurrer or replication, or copy of the instrument sued on; and it is impossible for this Court to know from the transcript what issues are involved in the case as tried by the Referee.

WRIGHT, Ch. J. — Our law does not contemplate that all the papers in a case are to be taken as a part of the record, and certified, on appeal, to this Court. Section 3512 specifies the papers which are to be deemed a part of the record, and section 3524 makes it the duty of the appellant to file a perfect transcript. The appellant may, however, in writing, direct what portions of the record he desires transmitted (§ 3511), and this, for him and the case, is to be taken and treated as a sufficiently perfect transcript. If he presents a partial record, he, of course, must take the chances of having all the presumptions fairly and legitimately arising from that fact construed most strongly against him. But when he brings sufficient to clearly show or explain the ruling, and it is manifest that the omitted parts, construing them most strongly against him, could not aid the opposite party, he need not do more. And hence, when, as in this case, the facts are all found by the Referee with the conclusions of law, and no question is made as to the correctness of the facts as there found, the incorporation of all the pleadings, including the petition, amended petitions, answers, amendments thereto, replication was unnecessary, for the correctness of the legal conclusion may be safely tested and determined, without regard to the state of the pleadings, none of them being based in whole or in part upon anything contained or omitted in such pleadings. This report stands as the finding of the Court, and is to be reviewed by us in the same manner.

II. There is nothing in the state of the record, therefore, to preclude the examination of the question made by appellant, and this involves, in substance, the inquiry whether, upon the facts found by the Referee, the judgment should have been for the plaintiff or defendant.

Smith brought replevin against Hall, and this action, pursuant to an agreement between the parties, and " at the request and solicitation of the said Hall, was dismissed and

discontinued by said Smith at his costs." This action is brought upon the bond given in the replevin suit, against Smith and his sureties. The material inquiry is, whether, after the discontinuance of the replevin action, Hall still had a right of action on the bond; or, in other words, whether the agreement to dismiss, and the subsequent dismissal, operated to satisfy the bond, or released the sureties from their liability thereon. The second agreement not having been executed or performed, the question arises, did the parties intend that the new promise should take the place of the original contract, or whether this was its tenor or legal effect. On the former hearing, from the facts before us, we held that it did not sufficiently appear that the second agreement was intended to be received in satisfaction of the plaintiff's remedy against the obligors on the bond, and that the old and original demand was not, therefore, extinguished.

The legal conclusion of the Referee seems to have been based entirely upon his construction of the opinion announced when this case was previously before us. And in this construction we cannot say that he was in error. In applying the principles thus recognized, however, to the facts as now developed, we think he reached an erroneous conclusion; and the District Court, in affirming this finding, committed a like error.

The common law declares that, without a satisfaction, an accord is no bar to a suit upon the original obligation. If, however, the accord is founded upon a new consideration, and accepted as satisfaction, it operates as such satisfaction, and will be held to take away the remedy upon the old contract. This we believe to be in accordance with the current of authorities, and is certainly in harmony with the analogies and equities of the law. Story Cont., § 982; Pars. Cont., 194, et seq. Whether this has been a new consideration in legal contemplation, and particularly whether the

accord or (new) agreement was accepted as satisfaction, depends upon the circumstances of each case; and in determining its tenor and effect, we must, from the circumstances, endeavor to ascertain the intention of the parties. For, while some authors and some of the cases speak of the unexecuted promise being satisfaction in those cases only where it is made so by express agreement, we suppose that ordinarily no rule is violated in holding that it is sufficient, if this intention or purpose is evidenced by any unequivocal act, or in any clear manner. It was said in examining a somewhat similar proposition in *Levi* v. *Karrick*, 13 Iowa, 344: "The question is one of evidence or contract, and whether * * * established by necessary implication, or from express stipulation, the rule is the same."

It appears that prior to the 16th of January, 1857, Smith was the owner of the property replevied, and on that day it was sold to Hall, by an agreement between them and certain sureties of Smith, who held mortgages upon the same, he Smith, by agreement having possession of the same. On the 19th of the same month, Hall agreed in writing to sell the property to Smith for a certain consideration, to be paid on the 20th of September next thereafter; and in the meantime Smith was to have the use and possession of the same. The replevin action was commenced by Smith, in March, 1857; and the bond upon which this action is founded was then executed. The property consisted of the machinery connected with a steam saw mill, which was situated upon a lot in the town of Hartford in Warren County, the title to which was acquired by Hall, on the 16th day of January, 1857. In May, 1857, and while the said replevin suit was still pending, Hall and Smith made a new contract, by which it was agreed that Hall should sell to Smith the machinery and lot for $1,000, to be paid on the 1st day of the then next November, to secure which a mortgage was to be executed upon the property

including the lot; that Smith was to have and continue is the use and possession of the property, until the time fixed for the payment of the same; and that the suit then pending, should be dismissed and discontinued at Smith's costs, at the next term of the Court. Accordingly, at the next term, pursuant to the agreement and at the request and solicitation of Hall, Smith discontinued this action, the order dismissing the same containing no direction for the return or disposition of the property. After this, without the fault of either party, or if of either, by their mutual carelessness, they neglected for several months to have the mortgage or other papers executed in accordance with this agreement. Finally some papers were lost, the mortgage and other instruments were not executed. Hall then, instead of claiming under the last sale, in effect repudiated it, and brought this action upon the bond against Smith and his sureties. And it seems to us that under such circumstances, the action cannot be maintained.

Hall's consent to the discontinuance of the action of replevin amounted, under the circumstances, to more than a temporary waiver of his right, to have judgment for his damages for the failure of Smith to prosecute the same. There was a new agreement; a new sale; a settlement of the pending action; a sale of the lot as well as the machinery; a mutual agreement by which Hall, instead of insisting upon his rights in that action, and his right to hold the the sureties as well as the principal, consented to sell out his entire title and property to the principal, and thus close and dispose of the whole matter. Such an arrangement is utterly inconsistent with the idea that the sureties were in any event to still be held. They had an interest in the controversy, and if Hall deemed it to his interest to thus sell the property, which was the subject of it, and consent to, and even solicit the discontinuance of the pending action, we think he should not be allowed afterwards to abandon

the course by him voluntarily selected, and sue upon the bond. The case involves, in its facts as now developed, more than a mere agreement on the part of one of the sureties (for thus the case stood before), to pay a thousand dollars for the property. Hall actually consented and agreed to the dismissal, upon a new and further consideration, and by it, he should be bound.

The judgment should have been for defendants, and the cause will be remanded for such disposition.

COLE, J., having been of counsel, took no part in the determination of the cause.