MERRY v. ALLEN.

1. **Accord and satisfaction:** NEW CONSIDERATION. At common law, an accord without satisfaction was no bar to a suit on the original obligation. If, however, the accord be founded upon a new consideration, and accepted as satisfaction, the remedy upon the old contract is taken away. (*Hall v. Smith et al.*, 15 Iowa, 584.)

2. ———: CONTRACT: REMEDY. Where the parties to the original contract entered into a new agreement, based upon a new consideration, which was accepted as a substitute for the former obligation, the right of action under such original contract is lost, and the remedy must be sought under the new agreement.

3. ———: ———: PERFORMANCE. Full and complete performance need not be shown to establish the validity of the new agreement; it is only necessary to make it appear that it was entered into, and mutually accepted, by the parties.

*Appeal from Muscatine Circuit Court.*

WEDNESDAY, SEPT. 23.

THE plaintiff brought this action to foreclose a mortgage given to secure ten promissory notes for $2,000 each, the suit being to foreclose for the notes due.

The defendant, Allen, answered admitting the execution of the notes and mortgage by him and his co-defendant Richart, who, it is alleged, had conveyed his interest in the mortgaged premises to Allen. The answer further alleges that the plaintiff and the defendant, Allen, on the 30th day of January, 1871, executed an agreement, as follows:

"Article of agreement made and entered into by and between Mrs. C. M. Merry of the first part, and A. J. Allen of the second part, witnesseth: Mrs. C. M. Merry of the first part, for the purpose of a full and complete settlement between herself of the one part and the aforesaid Allen, agrees to grant, deed, and convey to the said Allen one hundred and twenty acres of land, beginning at the river bank and running back one mile, and wide enough to include the specified number of acres; the east line of said land to be the line between the land known as the Merry farm and the Morehouse farm; this land

is considered as full pay to Allen for moneys paid to said Mrs. Merry on the general purchase of her farm during the last three years, either in principal, interest or tax.

"Also agrees to sell the said Allen the remainder of the four forty-acre lots, of which the above land is a part, together with lot one (1) as per plat, the purchase being 42 75-100 acres, being all of the four forties, with the fraction of 7 75-100 acres.

" A. J. Allen agrees to accept the above proposition as a full and complete settlement for the money he has paid said Mrs. Merry on principal, interest and tax on said general purchase, and issue his note for the sum of $2,076; also secure the same by issuing said Merry a mortgage on the part of the land, he, Allen, buys, the same being 42¾ acres.

" Allen also agrees to pay the note now pending in the Merchants Exchange National Bank, of Muscatine, for the sum of $552 and interest, Mrs. Merry returning to said Allen the notes and mortgage she now holds on the general purchase as above stated. Also, Allen agrees to leave such things as were known as 'articles thrown in' in the original sale by said Merry to said Allen, either in house or on farm, so far as they are to be found and in the condition they are now in. Also to vacate the west half of the house on a week's notice, and the rest of the house by the first of October next.

" Done at English Farm, Montpelier township, Muscatine county, Iowa, A. D. 1871, January 30th.

Witness: LEWY DODGE.        C. M. MERRY.
         S. H. MERRY.        A. J. ALLEN."

It is further alleged that the stipulation in said contract for a conveyance by plaintiff to defendant occurred through inadvertence, the legal title being in defendant, the intent being that defendant should hold the 125 acres mentioned in the agreement, in full satisfaction for payments made by him on the " Merry farm," (the mortgaged premises;) that the other tract bought by him was found to contain 42¾ acres, and he agreed to keep and pay for the additional acre; that on the 1st day of February, 1871, defendant and wife executed to plaintiff, a deed for all of the farm except the 125 acres and 43¾

acres, and at the same time executed his note to the plaintiff for $2,141, with ten per cent. interest, payable annually, and a mortgage on said 43¾ acres to secure the same; that defendant not having the money to procure the stamps to be affixed to said conveyances, the plaintiff agreed to advance the same and affix and cancel the stamps; that defendant afterwards paid plaintiff for said stamps; that he had delivered to her the " thrown in " articles.

It is also alleged that defendant delivered said deed, note and mortgage to the plaintiff, and demanded the notes and mortgage on which suit is brought, which she promised to deliver to him as soon as she could procure them from St. Louis, where they then were; that plaintiff thereupon took immediate possession of the lands thus conveyed back to her by defendant, and has asserted her title thereto in various ways; that, ever since the execution of said agreement, defendant has been in the exclusive possession of the lands retained, and bought by him under said agreement, and has paid to the plaintiff in property or otherwise the sum of $1,000, which she has accepted on account of said note and mortgage last executed, wherefore he claims that the notes and mortgage sued on are fully satisfied.

To this answer plaintiff replies in substance that the agreement set up by the defendant, though signed by her, was never delivered; that it did not correctly state the real agreement; that the deed and mortgage made by defendant and wife, February 1, 1871, were not such as plaintiff had agreed to accept, and that she did not accept them; she denies the alleged agreement to furnish stamps, and sets up what she alleges was the real agreement between the parties, which she alleges defendant refused to perform. The cause was tried to a jury who returned a verdict for the defendant, upon which the court rendered judgment. Plaintiff appeals.

*Richman & Carskadden*, for appellant.

*Henry Jayne* and *Cloud & Broomhall*, for appellee.

MILLER, CH. J.—I. It is insisted by appellant's counsel, that the defendant has undertaken to plead an accord and satisfaction in bar of the plaintiff's action, but that he fails to allege full performance on his part. At the common law it is well settled, that an accord without satisfaction is no bar to a suit on the original obligation. If, however, the accord be founded upon a new consideration, and accepted as satisfaction, it operates as such and will take away the remedy upon the old contract. See *Hall v. Smith*, 15 Iowa, 584, and authorities cited.

*1. ACCORD and satisfaction.*

In the case before us the new agreement pleaded in the answer is not properly an accord. It is rather in the nature of a rescission of a former contract, and the substitution therefor of a new and different one, based upon a new consideration. The original contract was for the sale to the defendant of certain real and personal property for a consideration in money, to be paid to the plaintiff. The new agreement stipulates for the rescission of the former contract; a re-conveyance by the defendant of most of the land and personal property purchased under the first contract, the delivery up of the notes made by defendant to plaintiff, and various other stipulations on part of each of the parties.

*2. ——: contract: remedy.*

This new agreement being based upon a new consideration, if accepted by the plaintiff as a compromise of, or in substitution for, the indebtedness of the defendant under the original contract would have the effect to take away any right of action which the plaintiff previously had on the first contract. There was, therefore, no error in the refusal of the court to give the instructions asked by the plaintiff touching this question. The court properly left it to the jury to determine whether this new agreement was entered into by the parties. In other words, whether this agreement or the one alleged by the plaintiff was the actual contract made by the parties, and accepted by plaintiff as a compromise of the defendant's indebtedness to her.

II. It is insisted that the verdict is not sustained by sufficient evidence.

Upon appellant's theory of the law, that it was necessary

for the defendant to show a full and complete performance on his part of the new agreement, it is possible that the verdict could not be upheld. But, in the view we have taken of the case, it was only necessary that the defendant should show that this new agreement was entered into by the parties. In other words, that he should show the making of the agreement by both parties. By its terms it purports to be for the compromise of an indebtedness from the defendant to the plaintiff, and the substitution of a new contract upon a new consideration extinguishing such indebtedness. It was not required of the defendant that he should show that he had fully performed on his part the new agreement. The defense was complete by proving the making and acceptance of the new contract. That the evidence was sufficient to warrant the jury in thus finding, we entertain no doubt.

*3. ——: ——: performance.*

If the defendant has failed to comply with the new agreement, plaintiff's remedy is on that agreement.

The foregoing view fully disposes of the case, and relieves us from a discussion of the other questions presented by counsel for appellant, which in our opinion are not material.

The judgment of the court below will be

AFFIRMED.