A. J. GEORGE et al., Appellees v. CHICAGO, FORT MADI-SON & DES MOINES RAILWAY COMPANY,
Appellant.

Accord and Satisfaction: PLEADING. The plea of an accord and satisfaction to an action upon a contract should be presented by answer; it cannot be presented by a motion to dismiss, supported by affidavit, where the accord is disputed.

*Appeal from Lee District Court.*—HON. J. M. CASEY,
Judge.

WEDNESDAY, MAY 25, 1892.

Two actions were pending in Lee district court between these parties upon a contract in writing, whereby the plaintiff, George, agreed to furnish all the labor for the repair and construction of the bridges and culverts of the defendant's railway at six dollars per M. feet, board measure. One action was in equity, to enforce a mechanic's lien; and the other at law, to recover damages for the defendant's failure to furnish material in time, as required by the contract. The plaintiffs alleged that they performed the labor under the contract, and that the plaintiff, Biggs, was interested in the contract. After answering, the defendant moved to dismiss both cases, in pursuance of the settlement of the causes made between the parties on the sixth day of February, 1891, which is in the words and figures as follows, to-wit: "The instrument following shows settlement February 6, 1891, by which defendant was to pay, on or before February 15, 1891, five hundred and fifty dollars in full of all claims due plaintiffs in

said causes;" and signed by the plaintiff, George, and the defendant. Five hundred dollars were then paid to George on the settlement. The plaintiffs' attorneys served notice of an attorney's lien in said law action for seven hundred and fifty dollars, and in the equity action for one hundred and fifty dollars, whereby it is alleged the defendant was prevented from paying the money, as it is ready and willing to do. The plaintiffs filed resistance to the motion, denying that they entered into the agreement of settlement; that George had any right to make a settlement; and that the plaintiffs thereafter made offers of settlement, which the defendant refused; but made no claim of former settlement. The court overruled said motion to dismiss, to which the defendant duly excepted, and from which ruling it appeals.—*Affirmed.*

*James H. Anderson,* for appellant.

*Casey & Stewart,* for appellees.

GIVEN, J.—The appellant contends that Mr. George had full authority to make the settlement, and that the agreement of settlement set out "showed a complete settlement, and took away the remedy in the claim set out in the petitions in the two cases;" that, being prevented from paying as agreed by the notice of the attorney's lien, the only remedy was to apply to the court for an order directing to whom the defendant should make payment, and that the proper way of presenting the matter was by motion and affidavit. The appellees' contention is that the agreement set out in the defendant's motion was a new contract, and as such was a mere matter of defense, and should have been set up by answer. If the fact of settlement was not in dispute, and the only question was to whom the appellant should make payment, we are inclined to think that matter could be presented by motion; but the

alleged settlement was denied, and the relief asked by the motion was to find that a settlement had been made, and to order to whom the money should be paid, and to dismiss the cases. The appellant cites *Hall v. Smith*, 15 Iowa, 584; *Merry v. Allen*, 39 Iowa, 235,— and other cases, holding that a complete accord and satisfaction takes away the remedy in the claim in suit; but in all of these cases the settlement or accord and satisfaction was pleaded as a defense, and not presented by motion. It is said in argument that the district court held that this matter should be set up by way of answer, and proven on the trial. We think this is a correct view of the law, and the judgment of the district court overruling the defendant's motion to dismiss the case is AFFIRMED.