GEORGE W. KERR *et al.* v. J. W. TOPPING *et al.*, Appellants.

**Payment:** BILLS AND NOTES: *Purchaser for payer.* Plaintiff bought a note which another held against defendant, he bought it under an agreement that he should be repaid his outlay and a loan which plaintiff agreed to make to defendant. As consideration plaintiff was to receive certain other notes made by plaintiff and a deed which was defeasible as soon as defendant paid plaintiff, the money which was used to buy the note held by the third person, said loan and the said other notes transferred. *Held,* that this arrangement operated to pay the note which plaintiff bought, *pro tanto,* and, therefor, it was error to charge that there could be a recovery on the note bought unless it was found that plaintiff accepted the property deeded in satisfaction of the note bought.

SAME. Even if plaintiff had owned the note instead of buying it and had agreed to take less than its face for it in consideration of defendant's so securing all his debt it would amount to a *pro tanto* satisfaction of the discounted note. providing the parties agreed that such satisfaction should result.

SUBSTITUTION. Where secured notes are given in consideration of plaintiff's purchase of a debt owing by defendant, and the new obligation is substituted for the old, such debt is thereby extinguished, though nothing is realized on the security, since the giving of the security is the consideration for the new obligation.

**Lost Contract:** CONFLICT AS TO TERMS: *Evidence.* Where a written contract in controversy was lost and there was controversy as to what its terms were, parol evidence of prior negotiations were admissible to prove its contents, though an alleged copy was produced by one of the parties.

**Plea and Proof:** NEEDLESS AVERMENTS. Under Code, section 3639, providing that a party is not compelled to prove more than sufficient to sustain his defense, unnecessary averments in the pleadings need not be proven.

**Verdict:** INSTRUCTIONS: *Theory of case.* Where a verdict is not in accordance with any of the instructions of the trial court, nor

responsive to any theory of the case, a judgment thereon will be reversed.

**Appeal:** CONFLICTING INSTRUCTIONS. Where conflicting instructions are given, one of which announces a correct, and the other an incorrect, rule, the case must be reversed, since there is no means of knowing which was followed.

*Appeal from Van Buren District Court.*—HON. F. W. EICHELBERGER, Judge.

SATURDAY, OCTOBER 7, 1899.

ACTION at law upon a promissory note for the sum of two thousand dollars executed by defendants J. W. Topping and Ida B. Topping to Christopher Kerr, and indorsed by the administrator of the said Kerr to George W. Kerr. Defendants admit the execution of the note, but say that the same has been fully satisfied and discharged. Trial to a jury, verdict and judgment for plaintiffs, and defendants appeal.—*Reversed.*

*Blake & Blake* and *Mitchell & Sloan* for appellants.

*Wherry & Walker* and *Chas. D. Leggett* for appellees.

DEEMER, J.—On January 16, 1892, defendants Topping and wife were indebted to the estate of Christopher Kerr, deceased, on the promissory note in suit, to the amount of something over three thousand dollars. At the same time Homer Topping, a brother of J. W., was also indebted to the estate on a note in an amount exceeding two thousand five hundred dollars. At this time Kate Topping, the wife of Homer, held a note against J. W., amounting to something over eight hundred dollars. At the time mentioned, G. W. Kerr, the plaintiff, and J. W. Kerr, who was also made a party to the suit, made an arrangement with the Toppings, the exact purport of which is in dispute. The defendants contend that the arrangement was to the effect that the Kerrs should purchase the indebtedness of the

Toppings to the Kerr estate, at a cost not exceeding one thousand five hundred dollars; that they should loan J. W. Topping an additional one thousand dollars, and that, as security for the money advanced, Kate Topping should turn over to the Kerrs the note she held against J. W. Topping, which should be signed by Ida B. Topping as soon as it was turned over; that Kate Topping should execute her note to the Kerrs for five hundred and fifty dollars, and that J. W. Topping should execute a deed to the Kerrs for a certain mill property in the town of Grundy Center; and that thereupon the notes executed by the Toppings to Christopher Kerr should be considered satisfied and paid. They further claim that pursuant to this arrangement the Kerrs immediately purchased the two notes executed by the Toppings to Christopher Kerr, paying therefor but the sum of five hundred dollars; that Kate Topping turned over the note she held against J. W. Topping, signed the five hundred and fifty dollar note, and received the two thousand dollar note executed to her husband, Homer; that J. W. Topping and his wife executed a deed to the Kerrs for the mill property; and that the Kerrs executed in return a defeasance contract as follows: "Grundy Center, January 19, 1892. This is to certify that we, James V. Kerr and Geo. W. Kerr, of Winchester, Iowa, hereby agree to deed back to John W. Topping and Ida B. Topping the mill and elevator this day deeded to us to secure the payment of one thousand dollars now loaned them, and one thousand five hundred dollars in settlement of all notes paid by us. And, if not paid in a reasonable time, then this deed shall be absolute."

2    There is a dispute regarding the terms of the contract of defeasance, and, as it was lost at the time of trial, parol evidence was offered for the purpose of proving its contents. The trial court left it to the jury to determine the contents of the instrument, and said: "In determining this question, you will not consider any prior conversation or

negotiations between the parties, in so far as the contents of the writing are concerned, as the writing, when proven, must speak for itself." This instruction was clearly incorrect. The evidence as to prior conversations and negotiations was offered, not for the purpose of contradicting or varying the terms of a written instrument, but to establish the contents of that instrument. Where there is a dispute as to the terms of a written instrument which is lost or destroyed, any relevant evidence which tends to establish its contents is admissible. *Smith v. Brown,* 151 Mass. 338 (24 N. E. Rep. 31); *Com. v. Smith,* 151 Mass. 491 (24 N. E. Rep. 677). Any evidence which tended to show the contents of the instrument in dispute was proper to be considered by the jury. True, plaintiffs produced a paper which they claimed was a copy of the contract; but this was denied by the defendants, and parol evidence as to prior conversations and negotiations was admissible, in order that the jury might determine the true import of the written agreement.

II. It is not necessary to state the plaintiffs' claims with reference to the arrangement made on the 16th of January. Suffice it to say that they differ very materially from those made by defendants. It is only necessary to state a few further claims made by defendants, in order to consider the next point made by them in argument.

The mill property was in the name of Ida B. Topping, but the business was conducted by her husband. On June 28, 1892, she made an assignment for the benefit of creditors. It is contended that thereafter the Kerrs took possession of the mill, and exchanged the same for other property, the proceeds of which they received and devoted to their own uses. The defendants asked an instruction to the effect that if the parties made the agreement as claimed, which was consummated by the execution of the notes and deed as contemplated by them, followed by the contract of defeasance heretofore set out, and that these arrangements were intended by the

parties as a full and complete settlement of the note sued on, then the verdict should be for them. This instruction was refused. The court did charge, in effect, however, that there would be no satisfaction of the note sued on, unless the jury found that the deed to the mill property was accepted in satisfaction of the indebtedness created by the note given to Christopher Kerr, or unless after they received the deed they accepted the proceeds of the mill property in satisfaction, or in *pro tanto* satisfaction, of the note sued on. In another instruction the court said, in effect, that if plaintiffs purchased the note sued on under an agreement substantially as claimed by defendants, and plaintiffs paid but five hundred dollars for the two notes held by the estate against the Topping brothers, and that the mill property was not taken or the proceeds used for the payment of the indebtedness, then defendants should be charged with the one thousand dollar loan made to J. W. Topping and the five hundred dollars paid to the estate, and some other matters claimed by plaintiff, and credited with the amount of the proceeds of the mill property and some other items which were not in dispute, and that the balance, if any, should be their verdict in favor of plaintiffs, unless the jury found that, after the purchase of the note sued on, defendant J. W. Topping agreed, for an additional consideration, to pay one thousand five hundred dollars on account of the note from the estate, in which event he would be bound by his agreement, although Ida B. Topping would not be bound thereby unless she agreed thereto. We are constrained to hold that the instruction asked by the defendants should have been given, and that the court was in error in requiring the jury to find that the mill property itself, or the proceeds thereof, should have been accepted by the plaintiffs in satisfaction of the note sued on, before they could find for the defendants. It will be observed that, at the time it is claimed the agreement was made, plaintiffs were not the owners of the note in suit. It was then the property of the estate of Cristopher

Kerr, deceased; so that it was not an agreement of a creditor to accept a part of his indebtedness in satisfaction of the whole Defendants' claim is that plaintiffs agreed to purchase the note for not exceeding a certain amount, and that they were then to secure them for the amount advanced for its purchase, as well as some other items heretofore mentioned. Surely this was a binding agreement, and the purchase of the note under such circumstances was in effect the payment of the same, or, if not a payment, it was an agreement on the part of the plaintiff to advance so much money to procure the notes upon the faith of defendants' promise to secure them for the amount advanced. Undoubtedly this would amount to a cancellation of the notes, or, if not a concellation in full, it amounted to a promise on the part of the plaintiffs to accept the amount they advanced in full satisfaction of the note; and, if the jury found that the agreement was intended by the parties as a full satisfaction of the note sued on, surely there can be no recovery thereon. Even if plaintiffs had been the owners of the note sued on at the time the agreement is said to have been made, and they consented to take less than the amount called for thereby, in consideration of defendants furnishing security for the amount thus agreed upon by deeding the mill property to the plaintiffs, this would amount to a satisfaction, or *pro tanto* satisfaction, of the note, provided the parties agreed that it should be treated as such. *Jaffray v. Davis,* 124 N. Y. 164 (26 N. E. Rep. 351); s. c. 11 Lawy. Rep. Ann. 710, and note; *Day v. Gardner,* 42 N. J. Eq. 199 (7 Atl. Rep. 365); *Merry v. Allen,* 39 Iowa 238. It is not necessary, in such a case, that anything be realized upon the security given; for it is the giving of the security that furnishes the consideration for the agreement, and, if a new obligation is substituted in place of the old, the old is thereby extinguished. *Merry v. Allen, supra; Hall v. Smith,* 15 Iowa, 584.

Again, the verdict does not accord with any of the instructions given by the trial court. It does not allow plain-

tiffs the full amount of the note, with interest. Nor is it in accord with instruction No. 9. Had an instruction been given on the theory that defendants were to pay but one-half of the amount of the note in suit, as some of the evidence tended to show the arrangement was, the verdict would not have been in accord therewith. On no theory of the case can the verdict be sustained. Plaintiffs contend, however, that the substance of the instructions asked by the defendants were given by the court in its charge. We do not think so. But, if it be said that one of them may be so construed, the others are in conflict therewith, for they expressly required the jury to find that plaintiffs accepted the mill property, or the proceeds thereof (not the deed therefor), in full satisfaction of the indebtedness due on the note. When conflicting instructions are given, one of which announces a correct, and the other an incorrect, rule, the case must be reversed, for there is no means of knowing which one the jury followed.

Again, appellees' counsel insist that, as defendants pleaded that plaintiffs took possession of the mill property and accepted the proceeds thereof in payment of the note sued on, they were bound to prove it, in order to establish their defense. The statute provides (Code, section 3639) that a party is not compelled to prove more than sufficient to sustain his defense. Unnecessary averments in a pleading need not be proven. *Knapp v. Cowell,* 77 Iowa, 528.

Some other matters are argued by counsel, but, as they are not likely to arise upon a retrial, we do not consider them. For the errors pointed out, the judgment of the district court is REVERSED.