SIDNEY P. WOOD and JEREMIAH R. WOOD *vs.* ANSON M. BANGS.

*Award—Practice—Deed—Consideration—Release—Tender—*
*Waiver—Attorney at Law and Client.*

1. The usual receipt or acknowledgment of the consideration in a deed, is not of itself a sufficient release in law to discharge the payment of the consideration, if, in fact, a less sum was paid, which may be shown by parol testimony.

2. A naked promise to accept a less sum than the amount of an award in full payment thereof, if made gratuitously, is void for want of consideration.

3. If at the time of part payment of the award, the residue is released under seal; or if, in addition thereto, something else, which the law regards of value, is received in discharge thereof, it will be a good discharge.

4. After an award is made, it is competent for the parties to enter into an agreement respecting matters outside of the submission, whereby a less sum than the amount of the award is to be received in full payment thereof.

5. A tender of the amount due in current bank bills, or United States certificates, although not a legal tender, is sufficient, unless specifically objected to at the time.

6. If a creditor refuses absolutely to receive money about to be tendered, an objection that it was not produced, is waived.

7. An attorney at law has no authority, as such, to accept a less sum of money, or security for a less sum, than is due, without express authority from his client to that effect

8. An acceptance by an attorney of a less sum than is due to his client on an award, will not be binding upon the latter, unless, with full knowledge, he ratified the act. Ratification may be inferred from the distinguishing facts and circumstances surrounding the case, or from acquiescence; and if once deliberately made, it cannot be revoked.

(*February 23, 1900.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Artemas Smith* and *Martin E. Smith* for plaintiffs.

*Anthony Higgins* for defendant.

ACTION OF DEBT on an award (No. 103, September Term, 1898.)

When the plaintiffs had rested, Mr. Higgins, on behalf of the defendant, moved for a nonsuit; contending that under the pleas in the case and the proof (viz., deed under seal containing the receipt for the full consideration money), there was evidence of the payment and release of the consideration which had not been rebutted by the evidence offered by the plaintiffs; that the testimony of the plaintiffs upon the matter of payment was hearsay and therefore incompetent, and that therefore a nonsuit should be granted.

Counsel for plaintiffs opposed the granting of the nonsuit, contending that the agreement of the defendant to pay the full amount of the award was admitted by the pleas filed in the case.

BOYCE, J. :—We refuse the nonsuit.

BOYCE, J., charging the jury :

Gentlemen of the jury :—This is an action in debt by which the plaintiffs seek to recover from the defendant the sum of five hundred dollars, together with interest thereon, the balance alleged to be due on an award by arbitrators, under their hands and seals, pursuant to an agreement of submission, duly entered into by the plaintiffs and the defendant, and sealed with their seals, respectively.

NOTE : The above stated case was previously put on trial at this term, but after progressing for one day Mr. Higgins, counsel for defendant, stated that he was unable to go on owing to the sickness of a material witness, and asked that the case be continued until such time later in the term as the witness might be able to attend, but stated that he could not agree that the same jury should try the case at the subsequent hearing. Counsel for plaintiffs asked that the same jury be continued. The Court held (under *Chapter 520, Vol. 20, p. 707 Laws of Delaware*) that unless counsel consented to try the case with the same jury, a new jury would have to be empaneled to try the case. A juror was thereupon withdrawn, and the case continued until February 23, 1900.

By agreement of counsel in writing, and filed in this case; the agreement of submission and the award made thereunder, the fact that the plaintiffs and the defendant, each, had notice of the award, and the execution and the delivery of the deed by the plaintiffs to the defendant, according to the terms of said submission, were admitted in evidence without formal proof.

Under the submission, the plaintiffs did covenant, promise and agree to and with the defendant to convey to the latter, or to such person or persons as he should designate, upon the payment of the consideration (which, it was stipulated, should be made as soon as practicable), the tract of land therein described, in fee simple, clear of all liens and encumbrances whatsoever. And it was further agreed that the arbitrators therein named, should place a valuation on the said lands and premises to be determined according to such estimate thereof as they would be worth, if Hughes Brothers and Bangs had never commenced the operation of their stone quarry adjacent thereto; and they were also to determine whether or not the plaintiffs had suffered any pecuniary damages by reason of the location and operation of said quarry, and, if so, the amount of such damages, which was to be added to the valuation of the said land and premises, to be determined so as aforesaid; and the sum total thus to be ascertained was to constitute the amount of the consideration to be named in the said deed of conveyance. It is shown by the award that the aggregate amount so ascertained is the sum of $5,060. And it is likewise shown by the deed that the said last mentioned sum is the consideration mentioned therein.

The plaintiffs allege that although they have delivered their deed of conveyance, in conformity with the terms of the said agreement of submission and the award made thereunder; yet, only the sum of $4,560, part of the consideration, has been paid to them; and that the said sum of five hundred dollars, together with interest thereon is still due and owing to them.

The defendant has requested the Court to charge that the payment of the debt of the award, less a deduction of five hundred dollars, being accompanied by a receipt of the plaintiffs, under their

seals of the full sum of the award, such receipt being contained in their indenture conveying the land in question, under their said award, and delivered to their counsel at the time of the payment of the money, constitutes a full defense to this action. The said deed contains in the body thereof the usual receipt or acknowledgment of the payment of the consideration therein named. Such a receipt or acknowledgment is *prima facie* evidence of payment, but not conclusive. The fact of the actual payment may be inquired into, and may be controverted by parol testimony.

*Callaway vs. Hearn, 1 Houst., 610.*

The deed itself, although it contained the usual acknowledgment of the receipt of the payment of the consideration, did not, when delivered, operate as a release of the award sued upon in this action, if in fact a less sum than the amount of the award was paid at the time of the delivery thereof. And we may say that a naked promise to accept a less sum than the amount of the award in full payment thereof, if made gratuitously, is void for want of consideration. In this case if you should find from the evidence that the plaintiffs agreed to accept part payment of the award and did release the residue under their seals, this would operate as a good discharge of the award as the seal imports a consideration; or, if the plaintiffs have, in addition to the part payment, received something else which the law regards of value in discharge of the award, it will operate as a sufficient discharge thereof. And in either event they will not be entitled to recover.

*Clark on Contr., 190 ; Maddux vs. Bevan, 39 Md., 499.*

We are also requested to charge you that if you should find from the evidence that the plaintiffs refused to accept the money tendered to them, and likewise refused to make their deed under the award ; and that if after such breach, they agreed with the defendant to accept, and they did accept, in full payment of the award, a sum less than the amount thereof by five hundred dollars, such deduction being in discharge of the claim of the defendant against the plaintiffs for damages caused by the latter to the quarry of Hughes Brothers and Bangs, then the plaintiffs cannot recover.

We instruct you that if you find that the plaintiffs did refuse to accept the amount of the award, and did likewise refuse to make their deed for the premises as is contended, it was competent for the parties to this action to enter into an agreement for the acceptance of a less sum than the amount of the award, not only in settlement thereof, but of such other matters as may have been in dispute between them, respecting certain damages averred in the plea of the defendant, upon which the plaintiffs have taken issue. And if you find that such an agreement was entered into, and that the defendant has performed the substituted agreement, and that the plaintiffs delivered their deed and accepted the payment of $4560 under the terms of the substituted agreement, then the plaintiffs are precluded from any further recovery upon the said award, and your verdict should be for the defendant; for if you find that any damages were suffered by Hughes. Brothers and Bangs (the grantees in the said deed of conveyance), such as are alleged in the said plea, they would, considered in the light of a new and substituted agreement entered into subsequently to the finding of the award, support a promise of the plaintiff to accept the sum of $4560 in full payment of the award. If, however, you find that the plaintiffs were always ready and willing to accept payment of the award and to execute their deed for the said lands upon the tender of the award, and that they did not enter into the alleged substituted agreement, then any damages which may have accrued to the defendant, or to Hughes Brothers and Bangs, by reason of any delay, or neglect, on the part of the defendant, in the execution of the said award, would be unavailing under the defendant's special plea; and the plaintiffs would be entitled to recover, unless you find that they have ratified the settlement which it is admitted was finally made by their counsel, about which we will instruct you hereafter.

We are also requested to instruct you as to what constitutes a sufficient tender of money.

Under the evidence in this case, if you find that the defendant, either personally or by his attorney, in his behalf, tendered to the

plaintiffs the full amount of the award in current bank·bills, or United States certificates, although not a legal·tender, yet such a tender is sufficient in law, if objection was not specifically made to them at the time; or, if the defendant offered to pay the full amount of the award, and the plaintiffs refused absolutely to receive the money therefor, an objection that it was not produced and formally tendered is waived and unavailing here.

We are further.requested to charge you that an attorney has no *implied* authority to accept, in full satisfaction of an award, a sum less than the full amount of the debt; and that if you should find from the evidence that the plaintiffs' counsel accepted from the defendant $4560, in full satisfaction of the award, then his acceptance is not binding on the plaintiffs, unless you should further find that they had authorized him to accept such sum in full satisfaction.

It seems quite uniformly held that an attorney at law has no authority as such, in the collection of a debt, to accept a less sum of money, or any security for a less sum, than is due, without express authority of his client to that effect; and that such an acceptance will not be binding upon the client, unless he has with full knowledge ratified it. Ratification may be inferred from acquiescence, or from the distinguishing facts and circumstances of the particular case.

*Maddux vs. Bevan, 59 Md., 494.*

And it may be added that a ratification once deliberately made, upon full knowledge of all the material circumstances, becomes *eo instanti*, obligatory and cannot afterwards be revoked or recalled.

*Story on Agency, 250.*

We will say, in conclusion, that if you find that the plaintiffs did not release the payment of the residue of said award, remaining unpaid, otherwise than by the mere delivery of their deed, and that they did not enter into the alleged new and substituted agreement whereby it is claimed that they stipulated to accept the said sum of $4560 in full payment of the award, and that they did

neither authorize their attorney to accept the said sum in full payment thereof, nor subsequently ratify, in whole or in part, the settlement which it is admitted was so made by him, then your verdict should be for the plaintiffs for the full amount which they seek to recover in this action. But if on the contrary you find that the plaintiffs did release the residue of said award, or if they did, for some valuable consideration, however slight, agree to accept, and did accept, through their attorney, a sum less than the amount of the award, in full settlement thereof; or if they, with full knowledge of all the material facts and circumstances surrounding the settlement so made by their attorney, ratified it, then your verdict should be for the defendant. And we will further say that if you find that the plaintiffs executed their deed for the said lands and placed it in the hands of their attorney for delivery to the defendant, or to his attorney, knowing at the time, or at any time before the delivery thereof, that the defendant had refused to pay the full amount of the award because of the said alleged damages, and that they with such knowledge suffered their attorney, clothed with their deed, to hold himself out to the defendant, or to his attorney, with apparent authority to make a settlement of all the matters in dispute between them, and permitted him to accept, and he did accept, the said sum of $4560 as in full payment and satisfaction of the said award, and that they did not immediately dissent from and repudiate the settlement so made, but on the contrary accepted the proceeds of the settlement from their attorney (and as we have said with full knowledge of all the facts) without objection, then they are deemed to have ratified his acts in the premises, and your verdict should be for the defendant.

You have heard all the evidence in this case, and you are the exclusive judges of its value and effect. It is your duty to consider and apply it impartially to the law as we have declared it to you, and to render your verdict either for the plaintiffs or the defendant, according to its weight and preponderance as you shall determine it in favor of the one or the other.

(Exception noted for defendant to so much of the charge as refers to the deed as not being conclusive evidence of the receipt of the consideration and the release thereof.)

Verdict for plaintiff for $542.24.

NOTE.—This case was taken up to the Supreme Court on a writ of error by the defendant, but was not there prosecuted, and at the January term, 1901, on motion of the plaintiffs, the writ of error was dismissed and the judgment of the Court below was affirmed.