HAMILTON NATIONAL BANK, Appellant, v. G. W. NICHOL-
SON and W. E. SHOTWELL.

**Compromise and settlement:** CONSIDERATION.  Where notes were
settled in full before maturity by part payment, and in effecting
the settlement property was turned over by the debtor when the
same might have been retained by him and the proceeds turned
to other creditors, the settlement was supported by a sufficient
consideration and the debtor and his guarantors were discharged.

*Appeal from Crawford District Court.*—HON. Z. A.
CHURCH, Judge.

MONDAY, DECEMBER 18, 1911.

ACTION on a guaranty of indebtedness.  The defend-
ants relied upon a settlement and release.  There was a
verdict for defendants, and from judgment thereon plain-
tiff appeals.—*Affirmed.*

*George McHenry* and *Conner & Lally,* for appellant.

*Stevens & Fry* and *Shaw, Sims & Kuehnle,* for ap-
pellees.

McCLAIN, J.—In the year 1905 a corporation known
as Shotwell, Davis & Co., which was then carrying on the
commission business in Chicago, for the purpose of secur-
ing credit with the plaintiff, a bank of that city, delivered
to the plaintiff two guaranties signed, respectively, by these
defendants, who were stockholders in said corporations; the
undertakings of the guarantors, respectively, being to pay
to the bank promptly at maturity, and without notice or
demand, all debts and liabilities of the corporation then

existing or to be thereafter contracted, and it was stipulated that such obligation should continue until terminated by written notice. On the 22d day of October, 1907, the instruments of guaranty having continued in force in the meantime, the indebtedness of the corporation to the bank exceeded $8,000, evidenced in part by a demand note of $1,000 dated in the previous March, a note for $3,000 dated September 5th of the same year, due in ninety days, and a demand note for $3,600 dated the 18th of the same month, secured by the deposit of collateral which the bank was authorized to sell. Thereupon it was proposed by officers of the corporation that they turn over for it to the bank two carloads of eggs, and apply on the indebtedness the deposit then in the bank to the credit of the corporation, provided the bank would release the defendants as guarantors from their obligation, and surrender to the corporation the three promissory notes already described and some other evidences of indebtedness which need not here be specifically referred to. This proposition was accepted by the officers of the bank, and the corporation in consideration of credit in an amount not exceeding $5,000 was relieved of its obligations in total exceeding $8,000, and the instruments of guaranty were canceled. The canceled instruments were retained in the possession of the bank, but the explanation as to the reasons for such retention is not inconsistent with, and does not tend to, disprove, the finality of the settlement then made.

The court found as matter of law, and instructed the jury, that plaintiff had a valid claim against the defendants on account of the indebtedness of the corporation to the bank when action was brought for $3,458, unless the obligations of defendants had been canceled and discharged by the settlement above referred to, and left for the determination of the jury the sole question as to whether such settlement had in fact been made, casting upon defendants the burden of proof to show that there had been such full

and final settlement as alleged. The finding of the jury was for the defendants, and the jury returned an affirmative answer to a special interrogatory as to whether the credit given to the defendants was in full settlement of all claims then existing against the corporation in favor of the plaintiff.

The contention for the appellant is that part payment of the existing indebtedness was not a sufficient consideration for the release of the whole, and that, therefore, the defendants as guarantors were not discharged. The soundness of this proposition as a general rule can not be questioned, but it is equally well settled that some additional consideration, even though of slight money value, is sufficient to sustain such a settlement and discharge. We find such additional consideration in the fact that the notes released were not due at the time the settlement was made, and were therefore paid before maturity, and in the further fact that in effecting such settlement property was surrendered, the proceeds of which might have been retained by the corporation, and turned over to other creditors. That these additional elements of consideration were sufficient to sustain the agreement to settle and discharge the corporation and these defendants as guarantors is amply established by the authorities, among which we may cite the following cases decided in this court: *Marshall v. Bullard,* 114 Iowa, 462; *Brown v. Jennett,* 130 Iowa, 311; *Kerr v. Topping,* 109 Iowa, 150; *Engbretson v. Seiberling,* 122 Iowa, 522. The jury was correctly instructed as to the law and the verdict finds support in the evidence.

By stipulation on suggestion of the death of G. W. Nicholson, defendant, pending this appeal, his administrators, B. Y. Nicholson and May O. Nicholson, are substituted as of date October 17, 1911.

The judgment of the trial court is *affirmed.*