HAMILTON DIEHL, Appellant, v. A. W. McKINNON, Appellee.

CONTRACTS: Consideration—Promise to Perform Legal Obligation —Part of Debt in Satisfaction of Whole. The abstract principle, (a) ''that a promise to do that which one is already under legal obligation to do is no consideration for a promise made in return'', or, as more concretely expressed, (b) ''that an agreement to accept, and the actual acceptance of part of a past due, liquidated and undisputed indebtedness in discharge of the whole is uninforcible because without consideration'', has no application when the new agreement furnishes *any* benefit or any *possibility* of benefit to the creditor, to which the law can attach a recognized legal value.

PRINCIPLE APPLIED: A promissory note, dated July 15, 1904, called for $800, with interest at 6 per cent., and was due in one year after date. Interest in full was paid on July 1st of the years 1905 to 1910, inclusive. On July 28, 1911, the payee, then 90 years of age and with a life expectancy of 3 years, agreed, in writing, to cancel the note if the maker would pay him (payee), during the rest of his life, the sum of $48 a year— *just the amount of interest per annum already called for by the note.* The maker complied with this agreement by subsequently making two annual payments. Shortly after the last payment was made, the payee died. *Held*, the note was fully discharged, because:

1. The maker was obligated to pay at a different time and, in law, for a longer time than under the original note.

2. The maker could, under the note, stop interest at any time by paying the principal; under the subsequent promise, he was obligated to pay an annuity for life.

3. The payee received an annuity for life, in lieu of his rights under the note.

4. The payee was relieved of any concern as to future investment of the money.

*Appeal from Cedar Rapids Superior Court.—C. B. ROBBINS, Judge.*

THURSDAY, DECEMBER 16, 1915.

ACTION at law upon a promissory note. Defendant admitted the execution of the note, denied the transfer thereof by the original payee, Amos Diehl, to the plaintiff, pleaded the mental incompetency of the payee to make a transfer of the note, alleged that the transfer was without consideration, and further pleaded a release, settlement and discharge of the note. The issue of settlement and release was taken away from the jury and the case was submitted on the other affirmative issues, resulting in a verdict for defendant. Both parties appeal; but, as a single question is presented on the appeal, we shall call the defendant the "appellant."—*Reversed.*

*Redmond & Stewart* and *Charles Penningroth,* for appellant.

*Rickel & Dennis,* for appellee.

DEEMER, C. J.—The note in suit is an ordinary negotiable promissory one for the sum of $800, made July 15, 1904, and maturing one year after date. It bore interest at the rate of 6%, payable annually, with interest on interest. Payments of interest were entered thereon as follows: $48 on the 1st day of July in the years 1905, 1906, 1907 and 1908, respectively, and "interest paid to July 1, 1909, interest paid to July 1, 1910". It was also endorsed, "Pay to Hamilton Diehl, Amos Diehl, his signature, His Witnesses Lura B. Diehl and Maihilda Ristin", and this endorsement is said to have been made in the month of September, 1912, long after the note was due.

CONTRACTS: consideration: promise to perform legal obligation: part of debt in satisfaction of whole.

Defendant pleaded, in one count of his answer, a settlement, release and discharge of the note, as evidenced by the following written instrument:

"July 28, 1911.

"For value received and the payment of Forty-eight Dollars ($48.00) per annum, until my death, I hereby cancel note made by A. W. McKinnon about July 15, 1904.

"Amos Diehl."

Defendant claims to have performed the obligation imposed upon him by this instrument, the first payment being by check, dated July 18, 1911, and the second by a cash payment made some time in August of the year 1912, the last payment being made but a few weeks before the death of the payee. The reason for making the release is explained in the testimony, and there was enough evidence to justify the submission of the issue of settlement and release of the note at the time in question, unless, as appellees contend, the release and settlement should be held inoperative because not based upon a consideration, and being a mere agreement to do what defendant was already under legal obligation to perform. The payee of the note was about 90 years of age at the time the release was executed, and had an expectancy of something less than 3 years, although, of course, the length of time he would actually live was problematical.

By the terms of the note, interest was payable on the 15th of July in each year after the year 1904, and the maker could pay the entire principal and absolve himself from liability to pay interest at any time after July 15, 1905. The instrument of release provided for the payment of interest at another date and made it obligatory upon defendant to pay interest each and every year after the making thereof, until the death of the payee, no matter how long he might live.

Plaintiff says that, notwithstanding these departures from the original contract, defendant was not obligated to do anything not called for by the original note, and that the promisee derived no benefit whatever from the promise and the defendant suffered no harm therefrom; hence the new promise was entirely without consideration. It is conceded, of course,

as it must be, that if one, by subsequent contract, undertakes to do no more than he was already under legal obligation to do by a prior one, he cannot claim to be released from the original because, as a result thereof, he has had or claims some benefit from the subsequent agreement. The rule has been stated in this wise:

"Where a party is under a duty created or imposed by law to do what he does or promises to do, his act or promise is clearly of no value and is not a sufficient consideration for a promise given in return." 9 Cyc. 347. See also *Barringer v. Ryder,* 119 Iowa 121, 122.

Or, as in *Pence v. Adams,* 116 Iowa 463, 465, in which case we said:

"There was no increase in the contract price of the land, and plaintiffs assumed no obligation, burden or duty, other than could be required at their hands by the agreement already existing between their parties. This being the case, the new contract was without any consideration to the defendants, and cannot be enforced against them."

See also *Eastman v. Miller,* 113 Iowa 404, 406. But the rule has generally been regarded as a somewhat technical one, and courts have been astute in discovering exceptions thereto. This is foreshadowed in *Engbretson v. Seiberling,* 122 Iowa 523, and *Hamilton National Bank v. Nicholson,* 153 Iowa 369. In *Engbretson's* case, we said, quoting from the case of *Marshall v. Bullard:*

"If, however, such an agreement is supported by any new consideration, though insignificant or technical merely, if valuable, it will be upheld. Thus, if a part is to be and is paid before due, or at a place other than that at which the obligor was legally required to pay, or a payment is made in property, no matter what its value, or by the debtor in composition with his creditors generally, in which they agree to accept less than their demands, the consideration is held to be sufficient."

And in *Hamilton's* case, we said:

"The contention for the appellant is that part payment of the existing indebtedness was not a sufficient consideration for the release of the whole, and that, therefore, the defendants as guarantors were not discharged. The soundness of this proposition, as a general rule, cannot be questioned, but it is equally well settled that some additional consideration, even though of slight money value, is sufficient to sustain such a settlement and discharge."

Indeed, the general rule now is that, if there be any benefit or any possibility of benefit to the creditor, it will form a consideration to support the agreement, and, even though of slight benefit to the one or disadvantage to the other, it will suffice. The present view of this subject is well voiced by the Wisconsin court in *Herman v. Schlesinger*, 114 Wis. 382, 401 (90 N. W. 460), wherein the court said:

"The rigorous rule of the common law, permitting a person to receive part of an undisputed presently due indebtedness, pretending to accept the same in satisfaction of the whole indebtedness, the debtor parting with the amount paid with that understanding, and then change front and sue for the balance of such indebtedness on the ground that the release thereof was void for want of consideration, is so little favored by courts that it is commonly held not to apply where anything, whether of advantage to the creditor or disadvantage to the debtor, can be reasonably said to stand for that part of the indebtedness not measured by an equivalent in money actually paid to the creditor. The common-law rule has been abolished by statute in Alabama, Georgia, Maine, North Carolina, Tennessee, and Virginia, and perhaps some other states. In Connecticut it has not been recognized by the courts. *Ford vs. Hubinger*, 64 Conn. 129 (29 Atl. 129). In the other states where no statute exists to the contrary, it is believed that the rule is adhered to in form, but there is apparently a progressive disposition to disregard it in spirit. It is said that there is sufficient consideration moving with the part payment to release an indebtedness to take the transaction

out of the common-law rule, if the debtor does anything which he is not bound by law to do, or omits to do anything which he has a right to do, to the advantage, in any appreciable degree, of the creditor, or the disadvantage of himself.''

Some cases also hold that the rule does not apply to any case when a gift or an intended gift may be inferred, as in *Clayton v. Clark*, (Miss.) 21 So. 565, 22 So. 189; and others have said that if the instrument be a technical release under seal, or in those states where seals have been abolished, if the instrument be in writing, the rule does apply, and the release will be sustained. See *Wood v. Bangs*, 2 Penn. (Del.) 435 (48 Atl. 189); *Dreyfus v. Roberts*, (Ark.) 87 S. W. 641; *Williams v. Blumenthal*, (Wash.) 67 Pac. 393, and *Young v. Power*, 41 Miss. 197. We shall not, for the present, consider the exceptions to the rule announced by these latter cases, but will content ourselves with an application of our own rule to the facts. Was the defendant, by the acceptance of the release in question, bound to pay to Diehl, the original payee of the note, any other amount or in any other manner or at any other time than he was obliged to do by his original contract? Or did the creditor receive any advantage from defendant's subsequent promise? We think these questions must be answered in the affirmative. By the subsequent promise, defendant was required to pay at another time and for a longer time in contemplation of law than he was obliged to do under his original promise. By paying the principal of the original note, he could have stopped the interest any day he chose, for the note was due; but by the subsequent promise, he was compelled to pay interest or an annuity until the death of the creditor, no matter when that might occur; and the creditor received the benefit of an annuity during life which he could not have enforced under his original contract, and he was relieved of the necessity of reinvesting his money, had the debtor concluded to make payment, or had he (the creditor) seen fit to make him do so. The circumstances show that new and independent promises were made, some of which are

not to be found in the original contract, and that these were sufficient to constitute a consideration for the new agreement of release and discharge of the original debt.    See cases hitherto cited, and *Schweider v. Lang*, (Minn.) 13 N. W. 33; *Duluth Chamber of Commerce v. Knowlton*, (Minn.) 44 N. W. 2; *First National Bank v. Shook*, (Tenn.) 45 S. W. 338 and *Melroy v. Kemmerer*, (Pa.) 11 L. R. A. (N. S.) 1018.    In a note to the case last cited, the authorities are reviewed and the conclusion we have arrived at sustained.    It matters not that the creditor might be short lived or that he surrendered more than he might reasonably hope to receive.    He secured defendant's promise to pay at a different time and for a longer period than was required in the original contract, and this was sufficient to support the release; for it was a benefit to the creditor to have a certain annuity during life, although he did not live long enough to enjoy it for the time he may have expected.

The trial court was in error in taking this issue from the jury, and its judgment must be, and it is—*Reversed.*

WEAVER, EVANS and PRESTON, JJ., concur.