ROBERT L. AIKEN, ET AL.,
Plaintiffs,

*vs.*

NATIONAL FIRE SAFETY COUNSELLORS, a corporation of the State of New Jersey, BUDGET CHARGE ACCOUNTS, INC., a corporation of the State of New York and NATIONAL FINANCE AND DISCOUNT CORPORATION, a corporation of the State of New Jersey,
Defendants.

*New Castle, December 6, 1956.*

*George L. Sands,* of Morford & Bennethum, Wilmington, for plaintiffs.

*Aaron Finger,* of Richards, Layton & Finger, Wilmington, *Milton Kunen* and *Frances Bernstein,* of Kaye, Scholer, Fierman & Hays, New York City, for defendant Budget Charge Accounts, Inc.

*John M. Bader,* of Balick & Bader, Wilmington, for defendants National Fire Safety Counsellors and National Finance and Discount Corp.

SEITZ, Chancellor : This involves the strange business of an attorney disclaiming authority to settle the claims of over one hundred plaintiffs after he clearly purported to do so in open court.

Some 180 plaintiffs (husbands and wives) brought this action seeking to rescind contracts under which the defendant, National Fire Safety Counsellors, installed fire detection devices in their homes. Plaintiffs alleged fraud and sought to have their notes cancelled. Prior to the commencement of this action National Fire Safety Counsellors had sold the notes obtained from most plaintiffs to a finance company, the defendant, Budget Charge Accounts, Inc. ("Budget"), which filed an answer and counterclaim alleging that it was a bona fide holder for value of such notes and sought the entry of a judgment in its favor. Future reference to "plaintiffs" will refer only to those plaintiffs whose notes are held by Budget.

The action was set for an anticipated lengthy trial after pretrial hearing. On the morning the trial was to commence, counsel for plaintiffs and for Budget asked to see the Court in chambers. It was announced to the Court that the plaintiffs' action against Budget and Budget's counterclaim against plaintiffs had been settled and would not be tried. Thereupon the parties delineated with the Court's assistance the explicit terms of settlement. The Court then announced that the attorneys should go into open court and make their settlement a matter of record. This was done [1] and the record shows that the terms of settlement including the subsequent entry of a consent judgment on the Budget counterclaim were agreed to without condition by plaintiffs' attorney.

Some two to three weeks after the terms of settlement were recited in Court, Budget's attorney presented in open court a proposed form of a consent judgment for the Court's signature. Plaintiffs' attorney appeared at that time and said that while he had no objec-

1. Only a few plaintiffs were present at the time.

tion to the form of the order he objected to the entry thereof because the bulk of his clients had not yet approved the settlement. He stated that he was not authorized to settle the claims of the plaintiffs against Budget and of course Budget's claims against plaintiffs. He stated that he understood that the settlement was conditioned upon the approval of his clients.

As heretofore stated to counsel by letter, "I have not the slightest doubt that plaintiffs' attorney unequivocally purported to bind his clients to the terms of settlement therein stated". There was and is not the slightest justification for believing that plaintiffs' attorney was making such settlement subject to his clients' approval. If plaintiffs' attorney has other facts which he feels are material to this issue he may call them to the Court's attention.

The Court, having determined that plaintiffs' attorney purported to bind his clients to the terms of settlement, requested counsel to brief the question as to whether the plaintiffs were bound by the settlement purportedly made by their attorney and thus whether the consent judgment should be entered. These briefs have now been filed. Plaintiffs' attorney contends that there was no binding settlement because he did not have authority to settle. Budget argues as follows:

1. The settlement is binding as a matter of law.

2. Plaintiffs in question are estopped from questioning the settlement and have in fact ratified the same as a matter of law.

3. If Budget is incorrect on its first two contentions, then a hearing should be held to determine whether plaintiffs' attorney had authority to settle and whether, in any event, the plaintiffs have ratified his action or are estopped to deny it.

I first consider Budget's contention that the settlement is binding as a matter of law. Budget first cites 7 *C.J.S., Attorney and Client,* § 86. This Section recognizes that under some decisions an attorney merely by reason of his employment has implied or apparent authority to consent to the entry of a judgment binding against his clients if he acts in good faith. In such a case the clients' remedy is against his

attorney. This appears to be a minority rule. As the Annotator says in 66 *A.L.R.* 108:

> "The almost unanimous rule, laid down by the courts of the United States, both Federal and State, is that an attorney at law has no power, by virtue of his general retainer, to compromise his client's cause of action; but that precedent special authority or subsequent ratification is necessary to make such a compromise valid and binding on the client."

See also 30 *A.L.R.2d* 944. I pass over the so-called "emergency" situation.

Budget cites the Delaware case of *Strattner v. Wilmington City Electric Co.,* 3 *Penn.* 453, 53 *A.* 436, for the proposition that an attorney of record is presumed to have lawful authority to compromise his clients' claim. The court in that case did apply the rule that an attorney of record in a pending action who agrees to the settlement of the case is presumed to have lawful authority to make such an agreement. But it is only a presumption which the client may rebut. Of course, the burden of doing so in this situation is upon the client once the opposite party shows that the attorney purported unequivocally to settle the case—the situation here. However, a presumption in connection with proof in a civil action is not to be confused with the question of the implied or apparent authority of an agent to bind his principal.

I believe that the rule which creates a presumption of lawful authority in this situation is a sound one. Such a rule of law is a compromise between the practical necessity of according substantial weight to representations made by members of the Bar and the agency rule that attorneys have no implied or apparent power to compromise an action solely by virtue of their employment.

Since the plaintiffs here are entitled to an opportunity to rebut the presumption that their attorney was authorized to settle their claim and Budget's counterclaim, it is apparent that this Court cannot on the present record conclude as a matter of law that the settlement is binding on such plaintiffs.

The present case involves the authority of an attorney acting in a pending action. Since the Superior Court in *Wood v. Bangs, 2 Penn.* 435, 48 *A.* 189, was not confronted with that situation, it is not necessary to consider the soundness of the approach there taken. Moreover, the question of presumption of authority appears not to have been raised in the case.

█ Budget next claims that plaintiffs are estopped from questioning the settlement and in fact have ratified it. I shall not narrate the facts upon which Budget relies to support its position. It is sufficient here to say that, as to some, I do not agree that they show estoppel or ratification. As to other facts I think they can only be resolved upon a hearing. The Court cannot use the actions of plaintiffs' counsel, without more, to bind his clients where it is urged by their counsel that he lacked authority to do so. While such plaintiffs appear to be benefiting by their attorney's unauthorized action, under the circumstances the attorney's deviation from responsible attorney behavior cannot be employed to prejudice his clients on the merits of the controversy.

I therefore conclude that on the present showing plaintiffs are not estopped as a matter of law from questioning the settlement and have not ratified the same as a matter of law. I exclude from this holding those few plaintiffs who, according to the statement of plaintiff's counsel, admittedly ratified the settlement.

I next consider Budget's contention that it is entitled to a hearing to determine whether or not plaintiff's attorney was authorized to settle and whether in any event an estoppel or ratification is involved. Plaintiffs' attorney appears to argue that a hearing would be a harassing tactic. It ill behooves plaintiffs' attorney to so characterize Budget's argument in view of the fact that his conduct created this most unfortunate situation. While the professional propriety of the actions of plaintiffs' attorney will be a matter for subsequent examination by the appropriate body, for the present I conclude that Budget is entitled to a hearing on the question of the authority of plaintiffs' attorney as well as on the issues of ratification and estoppel.

In view of the developments in this case there is some doubt as to whether plaintiffs' present attorney is the proper party to represent his clients in connection with the hearing on the enforceability of the settlement. This is particularly so since the attorney will himself be subject to examination.

Because such a hearing may well constitute a substantial burden on the numerous plaintiffs, before an order is entered the court is willing to hear counsel as to suggestions concerning the scope of the hearing and future procedure.