FARMERS STATE BANK OF STORM LAKE, Appellant, v. S. C. COR-
NELIUSSEN,  Appellee.

**TRIAL:** Instructions — Fatal Error in Copying Pleadings.  Reversible
   error results from submitting alleged false representations by copy-
   ing into the instructions an answer, when said answer contains al-
   legations both actionable and nonactionable, and allegations either
   wholly unproved or only partly proved, and when the instructions
   contain no withdrawals and no explanation of the essential and
   nonessential parts of the answer.

Headnote 1:  38 Cyc. p. 1610.

*Appeal from Buena Vista District Court.*—JAMES DELAND,
Judge.

JANUARY 20, 1925.

ACTION at law upon a promissory note, the plaintiff being
an indorsee thereof and alleged holder in due course.   The de-
fense was that the note had been obtained from the defendant
by false and fraudulent representations, of which the plaintiff
had knowledge, or was chargeable therewith.   The verdict was
rendered for the defendant, and judgment entered thereon. The
plaintiff appeals.—*Reversed.*

*Mack & Young, Helsell & Helsell,* and *James I. Dolliver,* for appellant.

*Bailie & Edson* and *Healy & Breen,* for appellee.

EVANS, J.—The trial was had upon the issues made by the answer and reply. The defendant in his answer set forth a large number of specific representations alleged to be false, and alleged to have been made to the defendant and to have induced his signing of the note. The allegations of the answer in this respect were prolix and indiscriminate. The plaintiff presents an enumeration of these alleged representations, amounting to 31 in number. The defendant contends that such analysis is hypercritical, and that all the alleged representations are fairly reducible to 10 or 12. It is literally true that there are 31 specific representations of fact alleged to be false and set forth in the answer. It is equally true that they ought to have been reduced to 10 or 12, or even less.

The note in suit was given on January 28, 1920, in the purchase of corporation stock in the Waterloo Creamery Company. This company was at the time a going concern, and had been such for many years. It was engaged in the operation of creameries and condensing plants, and owned and operated several extensive plants in several localities in different states. Sometime in 1921, it was adjudged bankrupt, and its property passed into the hands of a receiver. The answer of the defendant charged false representations as having been made to him as to the financial condition of the corporation at that time, and as to the extent of its operations, and as to its existing plans and purposes. Many allegations of false representations were made which were unnecessary to the cause of action. Some of such alleged false representations were wholly unproved. Of the representations proved, some were not proved to be false, and others were shown to be indisputably true.

In submitting the case to the jury, the trial court adopted a substantial copy of the answer in terms, as a statement of the issue. All of the alleged representations were thus set forth, and none were withdrawn. By Paragraph 9 of the instructions, the jury was advised that the burden was upon the defendant

to prove the "alleged false statements, representations,. or promises, or *some of them;"* and by Paragraph 10 it was advised that, if the payee, through its agents, "made *any* such statements, representations, or promises," if false, then this sufficiently met the burden of proof resting upon the defendant.

That this method of submitting the issue to the jury is seriously objectionable, we have .often held. *Disalvo v. Chicago, R. I. & P. R. Co.,* 199 Iowa —.

The serious fault of defendant's pleading was that it was replete with nonessential facts, which at best were evidential only, and were not ultimate propositions of fact upon which fraud could be predicated. In other words, many of the false representations charged, were not in themselves actionable.

The plaintiff assailed the answer by motion to strike parts thereof. This motion was overruled. If this motion asked too much, yet it might well have been sustained in part, for the court's own protection. This would have properly put upon counsel the burden of editing their own pleading, and of separating the essential from the nonessential. By the ruling, the court took such burden upon itself. There was nothing upon the face of the pleading, nor anything in the statement of issues submitted by the court to the jury, which would properly enable it to say what was essential and what was nonessential; or what representations were actionable and what were not. Each and all of the representations carried the same label in the pleading.

As to unproved allegations, it is theoretically true that a jury ought to know that they are unproved; yet we have always held it improper to submit to the jury issues upon which there is no evidence. Such course tends to confusion. The same thing is to be said as to submission of representations shown to have been made, and yet not .shown to be false, or shown to be indisputably true.

This feature of the record itself requires a reversal of the judgment. The effect of such reversal necessarily is to remand for a new trial. In view of such new trial, we do not deem it proper to discuss or consider the question of the sufficiency of the evidence. Nor do we see anything to be gained by going through the record and considering the very numerous exceptions to rulings on evidence. Only elementary law is involved

in any of them, and they may or 'may not arise upon a retrial.

One ground of reversal assigned in appellant's brief involves the construction and effect of a stipulation made by the parties at the time of taking the depositions of certain witnesses on behalf of the defendant. At the time of the reading of such depositions in evidence, the plaintiff interposed objections to successive questions and answers on other than the statutory grounds provided in Section 4712, Code of 1897, and claimed the right to do so pursuant to the stipulation under which the deposition was taken. Construing the stipulation, the court held that it conferred no such right; and plaintiff assigns error on the ruling. The same question is likely to arise on a new trial. But the stipulation itself is not incorporated in the abstract. Appellant's brief purports to state the substance of it, but its actual terms are not before us in any other sense. The ruling of the court was predicated strictly upon the construction of the stipulation. Manifestly, we cannot review such ruling without having the instrument literally before us.

Upon the ground already stated, the judgment below is reversed, and the cause is remanded.—*Reversed and remanded.*

STEVENS, ARTHUR, and ALBERT, JJ., concur.