## ERIC WESTLUND v. ANNA IVERSON AND ANOTHER.[1]

December 22, 1922.

No. 23,018.

**How plaintiff was injured.**
1. Plaintiff while walking on a side foot path was injured by a wheel accidentally detached from defendant's car as it proceeded along the road.

**When signal to pedestrian is not required by traffic statute.**
2. The traffic statute does not require a motorist to sound his horn to warn pedestrians on sidewalks or paths, who are not approaching the part of the road traveled by vehicles.

**Violation of statute not proved.**
3. The evidence in this case is not sufficient to show substantial violation by defendant of the statute requiring motorists to reduce speed in rounding curves.

**Construction of statute in respect to rounding curves.**
4. The statute requiring motorists, in rounding curves, to keep as far to the right as possible, was not intended to protect pedestrians on left hand sidewalks by throwing the hazard from unusual casualties to the right.

Action in the district court for Chippewa county to recover $15,-250 for personal injuries. The case was tried before Daly, J., who at the close of plaintiff's testimony granted defendants' motion for a directed verdict. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Lundeen & Lundeen,* for appellant.

*J. O. Haugland* and *Oluf Gjerset,* for respondents.

HALLAM, J.

1. On August 27, 1921, defendant Lloyd Iverson was driving a Ford sedan belonging to defendant Anna Iverson, his mother, on a public highway. Plaintiff was traveling on foot on the same

[1]Reported in 191 N. W. 253.

highway. The road was the Yellowstone trail in the outskirts of Montevideo and was a wide, well-graded and much traveled road. There was no sidewalk, but there was a well traveled footpath alongside of the road. This path was on the very edge of the roadway, but so distinct from it that "people on the footpath go back and forth there unconcerned about the cars going in the roadway." Plaintiff was walking on this footpath and was on Lloyd's left. As Lloyd was approaching plaintiff, the left rear wheel of his Ford came off, without warning, and without any fault of defendants, rolled over on to the footpath and against plaintiff's leg, causing a fracture and other injury. Plaintiff sued for damages. The trial court directed a verdict for defendant. Plaintiff appeals from an order denying a motion for a new trial. After careful examination of the record, we are of the opinion that the trial court was right.

2. Plaintiff complains that Lloyd did not sound his horn.

The statute, chapter 472, p. 782, Laws 1921, § 4, provides: "Upon approaching a pedestrian, who is upon the traveled part of any highway * * * every person operating a motor-vehicle shall slow down and give a timely signal with his bell, horn, or other device for signalling." The "traveled part" of the highway means the part traveled by vehicles. The statute does not require a motorist to sound his horn to warn pedestrians upon sidewalks or footpaths who are not approaching the part of the road traveled by vehicles. Plaintiff was not upon the part of the highway traveled by vehicles and the statute does not apply.

3. The same statute (section 6) provides that "an operator in rounding curves shall reduce speed and shall keep his vehicle as far to the right on the highway as reasonably possible."

Lloyd testified that at this point the road just begins to curve, and, in answer to cross-examination, said he was "coming around the curve." He was not asked as to the nature of the curve. No other witnesses mention the curve at all. The evidence is so vague that it is doubtful if this statute has any application. We cannot know whether he was in any proper sense rounding a curve.

Lloyd's evidence is that he was going 12 or 15 miles an hour. There is no evidence that he was going faster. Some witnesses

testified that he went from 50 to 125 feet after the wheel came off. He testified that he ran with the power on. There is no evidence to the contrary. If this be true the distance traveled proves little as to speed, for it shows nothing as to the momentum of the car. Lloyd testified that he "kept up" his rate of speed until the time of the accident. Even so, with the evidence so vague as to the nature of the curve, a jury could hardly be permitted to find him negligent in not further reducing his moderate speed. Speed regulations should be rigidly enforced, to the end that highway accidents may be avoided, but they must be reasonably construed, and, where a statute is involved, there must be evidence fairly tending to show substantial violation. The evidence in this case is not sufficient for that purpose.

4. The same consideration might dispose of the contention that Lloyd did not keep his vehicle as far to the right on the highway as reasonably possible.

It may also be observed that Lloyd testified that he was on the extreme right of the road. There is no direct evidence to the contrary. Two of plaintiff's witnesses testified that after the accident his car was near to the right edge of the road. The only evidence to the contrary is that of plaintiff that after the accident it was near the center of the road and that of one witness that he found a mark on the road where the hub is believed to have dragged, and this mark started six or seven feet on the left hand side of the road and worked to the right.

If it can be said that this evidence made out a violation of the statute, we think this cannot help plaintiff. The statute requiring motorists to keep on the right side of the street was designed to regulate travel on the street and obviate danger of collision. It was not intended to protect pedestrians on left hand sidewalks or footways, in preference to those on right hand sidewalks or footways, by throwing the hazard from unusual casualties of travel to the right. In other words this plaintiff is not one of "those for whose protection it was intended" and the violation of the statute was not negligence as to him. Everett v. Great Northern Ry. Co. 100 Minn. 309, 111 N. W. 281, 9 L. R. A. (N. S.) 703, 10 Ann. Cas. 294. See

also Akers v. Chicago, St. P. M. & O. Ry. Co. 58 Minn. 540, 60 N. W. 669; Anderson v. Settergren, 100 Minn. 294, 111 N. W. 279; Clapper v. Dickinson, 137 Minn. 415, 163 N. W. 752.

We have discussed the case in its relation to certain statutes. These statutes do not define the full measure of a motorist's duty to use care in driving. But we are of the opinion that plaintiff failed to prove negligence which was the cause of the unfortunate accident and the order of the trial court should be affirmed.

Order affirmed.