MARIE RYAN, Guardian, Appellant, v. H. TRENKLE et al.,
Appellees.

**APPEAL AND ERROR:** Decision—Law of Case.   Decisions on appeal
1   constitute the law of the case.

**MOTOR VEHICLES:** Operation—Signals at Intersections—When Un-
2   **necessary.**   One may not complain of the absence of a signal of in-
tention to turn at an intersection when he already has all the knowl-
edge that a signal would have given him.

**MOTOR VEHICLES:** Operation—Intersections—Insufficient Turning
3   **Space.**   A charge that an operator of an automobile failed, prior to
making a turn, to see that there was sufficient space in which to turn
becomes inconsequential when the record reveals the fact that plain-
tiff and defendant were the only persons present at the intersection,
and that each was aware of the actions of the other.

Headnote 1:  4 C. J. p. 1093.   Headnote 2:  28 Cyc. p. 34.   Headnote 3:
28 Cyc. p. 34.

Headnote 1:  2 R. C. L. 224.   Headnote 2:  38 L. R. A. (N. S.) 489; 51
L. R. A. (N. S.) 996; 2 R. C. L. 1193.   Headnote 3:  41 L. R. A. (N. S.)
346; 2 R. C. L. 1195.

*Appeal from Dubuque District Court.*—P. J. NELSON, Judge.

MARCH 15, 1927.

Action for damages for personal injuries caused by the col-
lision of a bicycle, ridden by plaintiff's ward, with defendants'
automobile.   Upon the conclusion of all the testimony, defend-
ants' motion for a directed verdict was sustained.   Plaintiff
appeals.—*Affirmed.*

*Hurd, Lenehan, Smith & O'Connor*, for appellant.

*Kenline, Roedell, Hoffman & Tierney* and *Lyon & Willging*,
for appellees.

DE GRAFF, J.—This is the second appearance of this cause
on appeal in this court.   See *Ryan v. Trenkle*, 199 Iowa 636.   The
former opinion sufficiently states the facts, and we will incum-

ber this opinion with such facts only as will tend to make understandable the propositions urged by appellant for a reversal.

Upon the first trial, there was but one specific ground of negligence submitted to the jury: to wit, that the defendants did not have their automobile under proper control. On appeal, this court held that this allegation had no support in the evidence, and that the defendants' motion for a withdrawal of this particular issue from the consideration of the jury should have been sustained.

The material facts in the instant case are substantially the same as the evidence upon the former trial. The former decision is the law of this case on the propositions ruled therein, and

1. APPEAL AND ERROR: decision: law of case.

will not be overruled in this case. *Norman v. City of Sioux City*, 200 Iowa 1343; *Anthon St. Bank v. Bernard*, 198 Iowa 1345; *Nelson v. Betcher Lbr. Co.*, 96 Minn. 76 (104 N. W. 833); *Nason v. Chicago, R. I. & P. R. Co.*, 149 Iowa 608.

It may be observed that nearly all of the testimony offered upon the former trial was read into the evidence in this case from the transcript. The plaintiff's ward, Harold Ryan, testified on both trials; and, although there is a semblance of change as to some of the details of the accident, there is nothing that may be termed a substantial or material change.

The original petition of plaintiff recited the following specifications of negligence: (1) Failure to give any warning signal of defendant's intention of turning west in the street intersection in question, (2) failure to have the car under proper control, and (3) failure to stop the car after defendants discovered plaintiff's ward in a position of danger. As pointed out, the trial court in the first instance submitted to the jury the specification of failure to have the car under proper control. This question having been determined adversely to plaintiff by this court, and the circumstances upon the second trial disclosing no change of evidentiary facts in this particular, we will not, at this time, discuss further the proposition. Furthermore, our former decision determined that there was no basis in the record for submitting to the jury the question of last clear chance, and therefore we have no occasion to pursue that inquiry further.

There remains, therefore, to consider plaintiff's allegation of negligence in that the defendants failed to give any warning sig-

nal of their intention to make a turn in the street intersection,

2. MOTOR VE-
HICLES: opera-
tion: signals at
intersections:
when unneces-
sary.

and also the further allegation contained in an amendment to the petition: to wit, that the defendants, at the time of making the turn with the automobile in the intersection of Ninth and Main Streets in the city of Dubuque, did not look to see whether there was sufficient space to make such movement in safety.

The accident in question happened September 2, 1921, about 5:45 P. M. It was a warm summer day. The sun was shining. The street was dry, and entirely free from traffic, except for the bicycle and the automobile in question. It is evident that the boy on the bicycle could see the automobile as plainly as the driver of the car could see the boy. Main Street in Dubuque is a north and south street, intersected at right angles by Ninth Street. The defendants' car approached the intersection from the south, driving along the east side of Main Street. The boy on the bicycle approached the same intersection from the north, riding on the west side of the street. About in the center of the intersection is a metal plate, known in the record as a "silent policeman." As the auto turned west into Ninth Street, the boy on the bicycle turned the rounded corner west into Ninth Street; and when both auto and bicycle were moving west in Ninth Street the bicycle changed its course southwesterly across Ninth Street close to the right front wheel of the moving auto, and thereupon the auto swerved to the left and southwest. The boy claims that the automobile bore down upon him, and that he was unable to get out of the way. This proposition is answered in the former opinion, and it is there said:

"There is no consistent explanation in the record, of the presence of the boy at the place of the accident, unless it be that he did try to cross the street in front of the slowly moving automobile." *Ryan v. Trenkle*, supra, loc. cit. 642.

Was the failure, if any, of the driver of the automobile to give the statutory or other warning signals a proximate cause of the injury claimed? It is elementary that negligence may not be predicated on the failure to give signals when such failure in no wise can be said to be the proximate cause of the injury. *Schultz v. Starr*, 180 Iowa 1319; *Bishard v. Engelbeck*, 180 Iowa 1132; *Pixler v. Clemens*, 195 Iowa 529.

A person who has knowledge of the presence of a train or

auto, which imparts to him the very thing that a signal was intended to impart, cannot, under ordinary circumstances, predicate negligence on the failure to give a signal. The undisputed evidence in this case is to the effect that the auto was upon the street intersection, making the turn to the west, while the boy on the bicycle was approaching the street intersection from the north. Section 5032, Code of 1924, provides:

"The operator of a motor vehicle shall, before   *   *   *   turning, or changing the course of such vehicle,   *   *   *   give a visible or audible signal to the crossing officer, if there be such, or to the drivers of vehicles following, of his intention to make such movement   *   *   *   ."

The plaintiff's ward, under the instant facts, was not a person within the statutory classification. See *Westlund v. Iverson*, 154 Minn. 52 (191 N. W. 253) ; *Everett v. Great Northern R. Co.*, 100 Minn. 309 (10 Ann. Cas. 294).

Plaintiff's ward was not exposed to injury because of any lack of statutory signal, if one was not given, nor does any rule of common law bring the defendants within the duty claimed by plaintiff. It cannot be said that the alleged failure to give a signal had any causative and proximate relation to the collision and the resulting damages.

We now turn to the specification of negligence found in the amendment to the petition, in that defendants were negligent in their failure to, "before stopping, turning, or changing the course of such vehicle, first see that there is sufficient space to make such movement in safety." This allegation is the language of the statute. Section 5032.

The evidence is not in conflict that the auto was in the intersection, and already turning into Ninth Street, while the boy on the bicycle was about to round the curb west into Ninth Street.

**3. MOTOR VE-HICLES: operation: intersections: insufficient turning space.** The car made the turn at a slow rate of speed. Plaintiff's ward testified that he saw the auto coming up Main Street from the south, and saw it making the turn around the policeman; and that, when he saw the car turning, he swung up Ninth Street "and gave to the southwest, to get out of the way of the car, and when he saw the auto turn, he swung up Ninth Street." The affirmative testimony is all to the effect that the boy was some distance away when the auto started to make the turn, and con-

sequently the matter of "sufficient space" to make the turn in safety has no proximate relation to the cause of the accident.

There was no legal obligation, under the circumstances, on the part of the driver of the auto to stop. The driver of the auto had no reason to apprehend the danger of collision. See *Barnes v. Barnett*, 184 Iowa 936. When the auto made the turn, the boy was in a zone of apparent safety, and the driver was not bound to anticipate that the rider of the bicycle would suddenly put himself in a dangerous situation. *Borland v. Lenz*, 196 Iowa 1148.

The plaintiff alleged specific acts of negligence, and the trial court was warranted in submitting only those grounds of negligence which found support in the evidence. There was no general allegation of negligence, and the purpose of the amendment herein was either to serve as an amplification of a ground of negligence alleged in the original petition, or it was intended to be a distinct allegation, and in no way germane to the issues previously tendered. Under either theory, the amendment is unavailing to the plaintiff.

No negligence having been established by the evidence, there is no occasion to discuss the contributory negligence of plaintiff's ward. The defendants' motion to direct a verdict was properly sustained, and the ruling of the trial court is—*Affirmed.*

EVANS, C. J., and ALBERT and MORLING, JJ., concur.