TILLIE BALIK, Appellee v. CHARLES FLACKER et al., Defendants; E. C. RHODES, Appellant.

No. 40866.

OCTOBER 20, 1931.

R. S. Milner and Harry S. Johnson, for plaintiff, appellee.

Crissman, Linville & Bleakley, for defendants Flacker and Clark.

Wheeler, Elliott, Shuttleworth & Ingersoll, for E. C. Rhodes, appellant.

ALBERT, J.—Cedar Rapids and Marion are two cities in Linn county, the latter lying a little northeast of the former. First Avenue is a street running (for convenience we will say) east and west through both cities. It is a paved street, and the distance (at the point in controversy) is 61 feet and 8 inches from curb to curb. On this street, paralleling each other and the curb, are two sets of street car tracks, the outside rail of each set being 23 feet from the curb. The distance between the rails of the respective sets of tracks is 5 feet and 2 inches, and the distance between the two sets of tracks is 4 feet and 4 inches. It is apparent, therefore, that the center of the street is the center of the space between these two lines of street car tracks. This avenue is crossed at right angles with intersecting streets numbered consecutively, and those involved in this controversy are referred to as 22d and 23d streets east.

About 7:30 P.M. on the 15th day of August, 1929, one Charles Flacker and Vivian Clark were driving east on said avenue toward the city of Marion in a Pontiac automobile which was owned by D. C. Flacker. The car immediately ahead of them going in the same direction was known in the record as the "Jones car." There were several other cars ahead of the Jones car. On the opposite side of the street were numerous cars traveling in a westerly direction toward the city of Cedar Rapids. Among these latter cars was an Oldsmobile driven by the defendant, E. C. Rhodes, and a Ford sedan owned and driven by the plaintiff. The plaintiff's car was near the curb on the north side of the street, and Rhodes' car, at the time of the accident, was apparently somewhat south of plaintiff's car. In the line of cars passing on the south side of the avenue towards Marion, some car ahead of the Jones car was suddenly slowed up or stopped by reason of another car, entering at right angles from an intersecting street. This driver applied his brakes and thereupon the driver of the Jones car did the same. The Flacker car, in attemping to meet this situation and avoid collision with the Jones car, attempted to turn to the left, struck the Jones car and was deflected thereby and by reason of its speed, ran diagonally across the street, resulting in a collision with the Oldsmobile driven by the defendant, Rhodes. The impact thus caused resulted in the striking of the plaintiff's

car by the Rhodes car, causing the injuries of which complaint is made in this case.

■ The first error relied upon for reversal is an attack on the instructions with reference to the statement of the issues. Turning to the instructions we find that in stating the issues therein, the pleadings of the parties were substantially copied, and the statement covers nine and one-half pages of the printed abstract. We have repeatedly and consistently condemned this practice, and the following are the later cases on this proposition: In re Thompson's Estate, 211 Iowa 935; Peet Stock Remedy Co. v. Bruene, 210 Iowa 131; Veith v. Cassidy, 201 Iowa 376; Farmers State Bank of Storm Lake v. Corneliussen, 199 Iowa 256.

It is the duty of the court in preparing instructions along this line to make a simple and concise statement of the issues in the case. This was not done in the instant case, and the failure so to do constitutes reversible error. See cases above cited.

■ One of the specifications of negligence set out in the instructions is the following:

"That the drivers of said Pontiac and Oldsmobile cars at and prior to the time of said collisions, were not traveling on the right hand side of the center of the street, but on the contrary, were each traveling on the left hand side of the center of the street, contrary to and in violation of section 60 of said ordinance No. 1971 of the City of Cedar Rapids, and in violation of section 5019, of the Code of Iowa of 1927."

This specification is not only confusing, but states an impossibility. These two cars, the Pontiac and the Oldsmobile, were traveling on this street in opposite directions, and if, as stated in the specification of negligence, they "were each traveling on the left hand side of the center of the street," there would be no possibility of a collision. The substance of this specification stated in another way is, that each car was traveling on the wrong side of the street. The ordinance and state law referred to require each driver to drive on the right hand side of the street. It is evident that the aim of this specification was to refer to a condition where both cars, although traveling in opposite directions, were on the same side of the street, but

1384

the specification is confusing, especially under the fact situation in this case.

The Flackers contend, and there is some evidence to show, that they were at all times on their own side of the street, and the Rhodes car left its proper position, crossed the center of the street, and struck the Flacker car while the latter car was on the right side of the street.

Rhodes' contention is, and there is some evidence tending to show, that at all times he was on his own side of the street, and the Flacker car left its proper side of the street, crossed the center line thereof, and struck his car when it was in its proper position on the street.

The giving of conflicting, confusing or misleading instructions is reversible error. See Boone National Bank v. Evans, 199 Iowa 848; Friesner Fruit Co. v. C. G. W. Ry. Co., 199 Iowa 1143.

On a retrial of the case the difficulty in this specification should be cleared up.

■ Among others, the court gave instruction No. 22 reading as follows: ''If your finding is for the plaintiff, then you are instructed that you are to allow the plaintiff damages for such loss and injuries, and for such loss and injuries only, as you find from the evidence necessarily resulted from the accident complained of.'' This instruction is too broad. It should be limited to the loss and injury set out in plaintiff's petition.

In Instruction No. 28 the elements of damage are specified for which the plaintiff may recover. This instruction should be modified to limit the injury to a consideration of those elements which are supported by the evidence.

■ It is next urged that the court submitted issues of negligence to the jury of which there was no support in the evidence. We have carefully read the record in this case and are led to but one conclusion and that is that of the ten specifications of negligence set out in the plaintiff's petition and stated by the court in his instructions, there are, as against Rhodes, but two grounds of negligence finding support in the evidence: First, that he exceeded the speed limit; and second, that he was driving on the wrong side of the street. The specifications of negligence therefore set out in the instructions, other than the two

above specified, having no support in the evidence, should not have been submitted to the jury.

It is also insisted that the evidence in the case is not sufficient to support the verdict. Having reached the conclusion above specified, we do not care to comment on the evidence because on a re-trial of the cause, additional or different evidence ⁀may be introduced.—Reversed.

FAVILLE, C. J., and STEVENS, DE GRAFF and WAGNER, JJ., concur.