Milo Simanek, Appellee, v. Oliver Behel, Appellant.

No. 45853.

FEBRUARY 9, 1943.

John D. Randall, of Cedar Rapids, for appellant.

Elderkin & Locher and R. S. Milner, all of Cedar Rapids, for appellee.

GARFIELD, C. J.—On the morning of April 11, 1939, plaintiff's panel truck and defendant's automobile collided at an intersection in Cedar Rapids. The truck, used in plaintiff's plumbing business, was being driven north on Second Street SE, by Klemish, plaintiff's employee. Evidence for plaintiff was that after it had passed the center of the intersection, the left rear of the truck was struck by a sedan which was being driven east on Seventh Avenue by defendant. The truck, a 1937 or 1938 Dodge, was damaged so that the cost of repair was $349.87. The trial resulted in verdict for plaintiff for $252.99. From judg-

ment thereon and the overruling of motion for new trial and exceptions to instructions, defendant has appealed.

I. Defendant contends the truck driver was guilty of contributory negligence as a matter of law in failing to: yield the right of way to defendant; keep a proper lookout; have the truck under control. The principal contention is that it conclusively appears defendant was first to enter the intersection and therefore entitled to the right of way under section 5026.01, Code, 1939, which provided:

"The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway.

"When two vehicles enter an intersection from different highways at the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right."

This statute, enacted by the Forty-seventh General Assembly, was in force at the time of the collision and applies to this controversy. Under this law, either driver was entitled to the right of way if first to enter the intersection.

If they entered the intersection at the same time, the driver of the truck, who was on the right, was entitled to the right of way. Rhinehart v. Shambaugh, 230 Iowa 788, 791, 298 N. W. 876. The above statute was repealed and a substitute enacted therefor March 19, 1941, by chapter 175, Acts of the Forty-ninth General Assembly.

It does not appear without dispute that defendant was first to enter the intersection. There is substantial evidence that plaintiff's driver preceded him into the intersection. The driver so testified, as did the witness Currell, who was following the truck at a distance of a half block. The question was properly for the jury. The evidence was also sufficient to warrant a finding that the vehicles entered the intersection at the same time.

Nor can we say that plaintiff's employee was contributorily negligent as a matter of law in not keeping a proper lookout or not having the truck under control. Klemish, driver of the truck, Currell, and defendant were the three witnesses to the collision. Klemish testified in substance that as he ap-

proached the intersection he looked to his right, then to the left. He observed defendant approaching from the left, presumed defendant would stop, and then continued into the intersection.

There is evidence that Klemish was driving at a speed not to exceed 15 to 20 miles per hour and turned somewhat to the right in an attempt to avoid the collision. The jury could find that he had reason to believe defendant would stop and accord him the right of way. He was justified in assuming defendant would observe the law until he knew, or in the exercise of reasonable care should have known, otherwise. Central States Elec. Co. v. McVay, 232 Iowa 469, 5 N. W. 2d 817, 820; Jeck v. McDougall Constr. Co., 216 Iowa 516, 518, 246 N. W. 595, and cases cited. Defendant himself testified that before entering the intersection he "hesitated" and "practically stopped."

II. The remaining assignments of error pertain to the court's instructions. It is contended instruction 1, which stated the pleaded issues, virtually copies plaintiff's petition. We have frequently criticized the practice of copying verbatim long and involved pleadings in instructions. A concise statement of the issues in language readily understandable by laymen is ordinarily much to be preferred. Young v. Jacobsen Bros., 219 Iowa 483, 487, 258 N. W. 104, and cases cited; Balik v. Flacker, 212 Iowa 1381, 1383, 238 N. W. 467, and cases cited.

Where, however, the pleadings clearly and concisely state the claims of the parties, it is not error substantially to copy them in instructing on what the issues are. Reed v. Pape, 226 Iowa 170, 175, 284 N. W. 106; Graham v. Ochsner, 193 Iowa 1196, 1199, 188 N. W. 838, and cases cited. Here, plaintiff's petition was brief and easily understood. It covers but 36 lines in the printed abstract. Instruction 1 covers but 27 lines and parts of lines in the abstract and is a concise statement of plaintiff's claim. We think this assignment of error is without merit.

III. The petition contained no specifications or separate charges of negligence, but alleged generally that defendant's negligence was the proximate cause of the collision. Defendant did not ask that the petition be made more specific. Instruction 3 placed the burden of proof upon plaintiff to establish by a pre-

ponderance of the evidence "one or more of the material allegations of negligence of his petition, as set out in Instruction No. 1 hereof, and his right to recover against the defendant thereon." Defendant complains of this statement as confusing and misleading when taken in connection with instruction 1 containing but the general allegation of negligence.

The quoted part of the instruction is not properly worded, but does not constitute reversible error. Instruction 3 referred the jury to instruction 1, from which it was readily apparent there was but a general charge of negligence. Further, instruction 11 correctly stated plaintiff's pleaded claim of negligence. The principal function of instruction 1 was to place upon plaintiff the burden of proof on the entire case and to explain the meaning of "preponderance of the evidence." So it is not likely that the jury was misled by the portion of instruction 1 of which complaint is made.

IV. Instructions 4, 5, 6, and 7, respectively, defined negligence, contributory negligence, ordinary care, and proximate cause. While defendant practically concedes the instructions are correct abstract statements of law, he complains that they were not made applicable to the evidence in the case. When the instructions as a whole are considered, the contention is without merit. If defendant desired amplification of these correct instructions he should have requested such amplification. He requested no instructions. See Winter v. Davis, 217 Iowa 424, 433, 434, 251 N. W. 770, and cases cited; Siesseger v. Puth, 216 Iowa 916, 922, 248 N. W. 352, and cases cited; Sergeant v. Challis, 213 Iowa 57, 65, 238 N. W. 442.

V. Instruction 9 quoted Code section 5026.01, hereinbefore set out, on the matter of right of way. It is contended it was error to inform the jury that the driver on the right was entitled to the right of way when vehicles entered an intersection at the same time. It is argued there was no room for a finding that these vehicles entered the intersection in question at the same time. As we have already said, however, the evidence was sufficient to support such a finding. There was no error here.

Instruction 9 also quoted that part of Code section

5023.04 to the effect that the operator of a motor vehicle shall have it under control and reduce the speed to a reasonable and proper rate when approaching and traversing an intersection. We are told this was error because there was no evidence that defendant did not have his car under control or did not drive at a reasonable and proper speed. We are cited to cases like Ryan v. Trenkle, 199 Iowa 636, 641, 200 N. W. 318, holding it is error to submit a claim of negligence without support in the evidence.

We think there was evidence to warrant a finding that defendant was negligent in the matter of control and speed at an intersection. Currell testified that plaintiff's truck had traveled as far as 8 or 10 feet into the intersection when defendant entered the intersection from the west and that the truck was traveling 22 to 25 miles per hour. There was evidence that defendant tried to stop his car but was unable to avoid striking the truck when it was in the intersection, a few feet north of the center of Seventh Avenue which was 40 feet wide.

In any event, it was not improper for the court to quote such part of section 5023.04 since defendant strenuously contended that plaintiff's driver did not have the truck under control or reduce his speed to a reasonable and proper rate at the intersection. Had the court not advised the jury of this statutory provision defendant would have grounds for complaint.

VI. Defendant's final claim to a reversal is the giving of instruction 14 wherein the court told the jury that if a traveler comes to an intersection and finds no one approaching from the right within such distance and at such speed as reasonably to indicate danger of collision, he may proceed as a matter of right to use the intersection, unless from his observation he is apprised to the contrary. The entire instruction is more than a page in length and need not be set out in full. It has frequently been approved in cases arising under the statutory provision appearing in section 5035, Code, 1935, wherein the driver on the right was entitled to the preference. Rogers v. Jefferson, 226 Iowa 1047, 1050, 285 N. W. 701; Becvar v. Batesole, 218 Iowa 858, 861, 862, 256 N. W. 297; Shuck v. Keefe, 205 Iowa 365, 370, 218 N. W. 31; Barnes v. Barnett, 184 Iowa 936, 943, 169 N. W. 365. See, also, Annotation 21 A. L. R. 974, 983.

Defendant's principal attack upon this instruction is that it repeats and emphasizes the claimed error in instruction 9, because there was no evidence that the two vehicles entered the intersection · at the same time. Since, as already stated, the evidence on this question was sufficient and instruction 9 was proper, this contention is without merit. Other complaints against instruction 14 are not clearly stated either in assignment of error, brief point, or argument, and perhaps need not be considered.

The principal criticism which might be lodged against this instruction arises because of the repeal of section 5035, Code, 1935, by the Forty-seventh General Assembly and the substitution therefor of section 5026.01, Code, 1939, applicable here, under which the vehicle first to enter the intersection was entitled to the right of way. Similar instructions have most frequently been given in cases arising under the former statute (section 5035, Code, 1935) which is almost identical with the statute now in force (chapter 175, Acts of the Forty-ninth General Assembly).

Since this controversy arose under section 5026.01, instruction 14, in the language used, is not to be approved and the trial court should not have given it, but we hold it does not constitute reversible error. In general, instruction 14 is quite favorable to the driver approaching an intersection from the left, and excuses his failure, under certain circumstances, to accord the right of way to the driver from the right. Here, defendant approached the intersection from the left and, in the main, this instruction is not unfavorable to him.

The court might well have told the jury in instruction 14 that the driver first to enter the intersection was entitled to the right of way. Had it done so, it could scarcely be contended the instruction was reversible error. But its failure so to do *in that instruction* does not require a reversal. Instruction 9 correctly quotes the applicable section, 5026.01. Instruction 11 again refers to 5026.01, under which defendant was entitled to the right of way if first to enter the intersection. Of course, all the law of the case could not be stated in instruction 14. That instruction must be considered in connection with instructions 9 and 11. Instruction 16 tells the jury that all the law applicable

to the case is not embodied in any one instruction but that they must all be considered, construed, and applied together. When this is done, there is nothing in instruction 14 which conflicts with instructions 9 and 11 or could lead the jury to believe that the driver first to enter the intersection was not entitled to the right of way.

It is true instruction 14 refers to the right of precedence given by law to the vehicle on the right. However, as heretofore stated, section 5026.01 gave such preference when the vehicles entered the intersection at the same time. In view of instructions 9 and 11, the jury should have understood that this was the extent of the right of precedence given by law to the vehicle on the right and that the driver first in the intersection was entitled to the right of way.

We may also observe that all of instruction 14 except the last sentence, which expresses a different thought, is a mere abstract statement of law which the court does not attempt to apply specifically to this case.

VII. Defendant also complains of instructions 11 and 12. We find no reversible error in either instruction.

Defendant's motion to strike plaintiff's denial of and amendment to defendant's abstract of record is overruled.

The judgment is—Affirmed.

BLISS, OLIVER, MANTZ, and MULRONEY, JJ., concur.

MILLER, HALE, WENNERSTRUM, and SMITH, JJ., dissent from division VI.

MILLER, J. (dissenting)—I am disposed to agree with the majority opinion herein except for division VI thereof. I cannot agree with division VI and respectfully dissent therefrom.

Division VI of the majority opinion states that instruction 14 should not have been given, but holds that it was not reversible error. I agree that it should not have been given. It is clearly erroneous. I would go further and hold that the error compels a reversal herein.

The majority opinion states that instruction 14 is quite favorable to defendant and, in the main, is not unfavorable to

him; that, in view of instructions 9 and 11, the jury should have understood that the driver of the vehicle first in the intersection was entitled to the right of way even though approaching from the left, and indicates that instruction 14 is a mere abstract statement of law which the court does not apply specifically to this case. I disagree with all of these propositions.

While instruction 14 does not specifically name the defendant, it does specifically refer to the driver of a vehicle approaching from the right and the driver of a vehicle approaching from the left. In this case, plaintiff's driver approached from the right; defendant approached from the left. To give the instruction any application whatever to the case, the jury would have to insert the plaintiff's driver wherever the driver from the right is mentioned and defendant wherever the driver approaching from the left is mentioned. The instruction is inescapably made specifically applicable to the specific parties to this lawsuit.

As stated by the majority opinion, the right-of-way statute applicable herein (section 5026.01, Code, 1939) made the right of way dependent upon two possibilities: (1) if either vehicle entered the intersection first, it had the right of way; (2) if the vehicles approached the intersection at the same time, the driver on the right had the right of way. Under this statute, if the plaintiff's driver entered the intersection first or entered it at the same time that defendant did, he had the right of way. However, if defendant entered the intersection first, he had the right of way. The vice in instruction 14 is that it takes away any possibility for defendant's having the right of way under the evidence herein.

The first sentence of instruction 14 advised the jury that one approaching from the left might cross the intersection if he "finds no one approaching from the right upon the other highway within such distance and approaching at such a rate of speed as to reasonably indicate danger of a collision." Such language is open to but one interpretation, namely, that, even though defendant entered the intersection first, still he could not proceed across it if there was a vehicle approaching from his right, not yet in the intersection, at such a speed that there was danger of a collision. This was not the law applicable

herein. If defendant entered the intersection first, he had the right of way and it was the duty of the driver of the vehicle on the right to yield that right of way. The court's statement of the law was clearly erroneous and I see nothing favorable for the defendant therein. It was highly prejudicial to him.

The second sentence of instruction 14 states that "the only preference is where travelers or vehicles on intersecting highways approach the intersection so nearly at the same time, at such rates of speed that if both proceed without regard to the other a collision or interference between them is reasonably to be apprehended." Under such circumstances, the instruction gave the right of preference to the plaintiff. This is not a fair statement of the law. It is not favorable to the defendant. It is highly prejudicial to him.

The third sentence of instruction 14 told the jury that, if the driver of a vehicle approaching an intersection "finds another approaching from his right in an intersecting highway at so nearly the same time and at such a rate of speed that if both proceed without regard for the other a collision is reasonably to be apprehended, then it is the duty of such party approaching from the left to yield the right of way to the other." This was not the law if defendant entered the intersection first. This instruction was not favorable to the defendant. It was highly prejudicial to him.

The last sentence of instruction 14 states, "The driver of plaintiff's car had a right to assume that the defendant would comply with the law of the road until he knew, or until, in the exercise of ordinary care, he should have known otherwise." This sentence is made specifically applicable to plaintiff's driver and advised the jury that he had a right to rely upon defendant's complying with rules of law which the statutes of this state did not require him to obey. Such statement is not favorable to the defendant. It is highly prejudicial to him.

While there was evidence from which the jury might have found that plaintiff's driver entered the intersection first or that the two vehicles approached the intersection at the same time so that plaintiff's driver was entitled to the right of way, yet, on the other hand, there was substantial evidence which

might have been very persuasive to the jury that defendant's vehicle was definitely into the intersection first. Defendant relied upon such evidence in making a defense herein. He was entitled to have a fair statement of the law applicable to such evidence. Under instructions 9 and 11, the law was correctly stated, but such benefits as defendant' may have derived from those instructions were entirely destroyed by the erroneous and highly prejudicial statements contained in instruction 14 above pointed out.

The fact that instructions 9 and 11 correctly state the law does not in any way obviate the prejudice to defendant from the erroneous statements appearing in instruction 14. This is obvious from repeated pronouncements of this court. In State v. Keasling, 74 Iowa 528, 532, 533, 38 N. W. 397, 399, we state:

"It can make no difference as to the effect of the instruction that the true rule is subsequently laid down, for with two conflicting and inconsistent rules given them for their guidance, it can never be determined which the jury obeyed, or under which the verdict was found."

In Cox v. Cline, 139 Iowa 128, 131, 117 N. W. 48, 49, we state:

"This placed upon the plaintiff a' burden materially greater than the law warrants. It is probably true that the correct rule can be deduced from other instructions given, but this we think cannot serve to remove or neutralize the prejudice presumably · resulting from the unqualified statement in the seventh paragraph."

And in Kerr v. Topping, 109 Iowa 150, 156, 80 N. W. 321, 323, we state:

"When conflicting instructions are given, one of which announces a correct, and the other an incorrect, rule, the case must be reversed, for there is no means of knowing which one the jury followed."

Many other decisions might be cited to the same effect. It seems to me obvious that the error in instruction 14 should require a reversal herein.

I agree that instruction 14 is a correct statement of the

law applicable under section 5035, Code, 1935, and that it is a correct statement of the law as it now exists under chapter 175, Acts of the Forty-ninth General Assembly. But this case is governed by section 5026.01, Code, 1939. Under that statute, instruction 14 was unquestionably erroneous.

I would reverse.

HALE, WENNERSTRUM, and SMITH, JJ., join in this dissent.