MARY H. DORCAS, executrix of estate of Byron Dorcas, deceased, appellant, v. FLOYD AMBROSE AIKMAN, appellee.

No. 51204.

(Reported in 126 N.W.2d 298)

FEBRUARY 11, 1964.
REHEARING DENIED APRIL 8, 1964.

David M. Elderkin of Barnes, Wadsworth, Elderkin, Locher & Pirnie, of Cedar Rapids, and J. L. Kuehnle of Sebesta & Kuehnle, of Mechanicsville, for appellant.

James T. Remley, of Anamosa, and James W. Crawford of Franken, Keyes, Crawford & Bradley, of Cedar Rapids, for appellee.

PETERSON, J.—This is an action for the wrongful death of Byron M. Dorcas in a motor-vehicle accident, which happened on September 11, 1961, on Highway 38 approximately three miles north of Tipton, in Cedar County. Plaintiff is the widow of decedent and as executrix of his estate sued Floyd Ambrose Aikman, driver of car which struck the Dorcas truck. Plaintiff's decedent was driving south and was turning right into his farm lane. Defendant's automobile struck plaintiff's decedent's truck from the rear and knocked it over on its side. Plaintiff's decedent was thrown out of the truck, and when it tipped over it fell on top of him, causing his death. The case was submitted to the jury which rendered verdict for defendant. Plaintiff appealed.

I. Byron M. Dorcas was a farmer 53 years of age. He lived on his farm, which consisted of 80 acres on the east side of the highway and 160 acres on the west side.

At approximately 9:30 a.m., on the morning of September 11, Byron Dorcas was driving a 1949 Chevrolet truck and was approaching his farm lane from the north and on the right side of said paved highway. He started to slow down approximately 200 yards north of his driveway. As he started to make the turn into the driveway he was struck by an automobile driven by defendant, Mr. Aikman. His truck was struck with such violence that it was knocked over on its side. Mr. Dorcas was thrown out of the left door to the ground and the truck rolled over on him, causing his death. Mr. Aikman's automobile proceeded to the left or east side of the road after striking the truck, then struck another truck and pushed it in the ditch. Mr. Stanley Rose, who farmed with Mr. Dorcas on the west side of the highway, was in another truck stopped near the pavement and saw the collision. He testified Mr. Aikman was driving back of plaintiff's decedent at a high rate of speed. This evidence was stricken by the court as a conclusion. The important questions in the case are the matter of the negligence of Mr. Aikman, and the contributory negligence, if any, of Mr. Dorcas.

Appellant makes the following assignments of error: 1. In the wording and import of Instruction No. 10 given by the court as to contributory negligence, together with the refusal of the court to give appellant's requested Instruction No. 1. 2. The ruling of the court admitting what appellant calls opinion evidence of a nonexpert as to the condition of Mr. Dorcas' truck. 3. The court's ruling as to admission of certain evidence and refusal to permit complete cross-examination of a witness.

II. Appellant contends the trial court committed error in failing to submit to the jury requested Instruction No. 1, the last paragraph of which is as follows: "You are further instructed, however, that such negligence on the part of plaintiff's decedent, if any, would not amount to such contributory negligence as would prevent recovery in this lawsuit unless his failure to signal contributed in some way or in some degree directly to the collision, and if you find by a preponderance of the competent, credible evidence that the defendant had actual knowledge of plaintiff's decedent's intention to turn, and there was sufficient time to avoid the collision, then there would be no contributory negligence on the part of plaintiff's decedent for failure to give the signal."

This is in contrast to the paragraph in the court's Instruction No. 10 where the court said, as to the question of contributory negligence: "In this connection you may consider whether or not the defendant observed the truck of plaintiff's decedent prior to the collision and whether from said observation defendant had knowledge that plaintiff's decedent was going to make a right-hand turn, stop or suddenly decrease the speed of his truck and had sufficient time in the exercise of reasonable care to avoid the collision."

The question is whether the evidence in the case was such that the jury was entitled to a more definite instruction concerning contributory negligence than was given by the court.

Referring particularly to defendant's evidence we find from the record that he stated:

"Q. When you first saw him [Dorcas] how far was he ahead of you? A. Oh, probably a third of the distance from the hill to where he turned off.

"Q. Would you know, Mr. Aikman, how far that would be in feet? Two or three hundred feet? * * * A. Well, it could be a quarter of a mile. If it was a quarter of a mile that should be 500 feet or more.

"Q. He was about the same distance ahead of you at the time you saw him slow down as he was when you first saw him? A. Approximately.

"Q. And you think maybe 500 feet? A. Yes. I would say that much at least.

"Q. When you were at least 500 feet from him you knew that he was slowing down and was going to turn, didn't you? A. I didn't know he was going to turn right at the time he started slowing down.

"Q. You knew he was either going to stop or turn didn't you? A. I figured he was going to do something of the sort. * * *

"Q. You had that truck, then, in your view all the time from the time you first saw it at the top of the hill until you hit it? A. Yes.

"Q. And you were watching it every second of that time, weren't you? A. Right."

On the basis of the above record the jury was entitled to a definite instruction to the effect that if they found from such evidence defendant had actual knowledge of plaintiff's intention to turn or stop there would be no contributory negligence on the part of plaintiff's decedent for failure to give the signal. Fischer v. Hawkeye Stages, 240 Iowa 1203, 1209, 37 N.W.2d 284; Scoville v. Clear Lake Bakery, 213 Iowa 534, 239 N.W. 110; Ryan v. Trenkle, 203 Iowa 443, 212 N.W. 888; Steen v. Hunt, 234 Iowa 38, 43, 11 N.W.2d 690, 692.

In Fischer v. Hawkeye Stages, supra, we said: "Thus the jury could properly find the bus driver, like Mrs. Fowler, had actual knowledge plaintiff had started to turn left at a time when the bus was 100 feet behind the car and there was then sufficient time to avoid the collision had the bus driver exercised due care. Under such circumstances failure to signal the intended turn for the full 100 feet did not necessarily contribute to the collision."

Scoville v. Clear Lake Bakery, supra, involved the stopping of a truck in full daylight and in clear weather on a highway.

Plaintiff ran into the truck. Plaintiff contended defendant should have had some lights out or should have had an attendant warning approaching travelers. We said on page 539 of 213 Iowa: "The only function to be served by lights, or by an attendant, would be to warn travelers of the presence of the obstruction in the road. Such ground of negligence could not be available to a plaintiff, who saw the truck for hundreds of feet in his approach thereto, and had no need of further warning."

The question in the case of Ryan v. Trenkle, supra, was whether plaintiff's ward riding on a bicycle and hit by an automobile knew the automobile was going to turn. The question in the case was whether, if the boy on the bicycle had such knowledge, defendant was guilty of contributory negligence in not giving the statutory signals. Brief excerpts from the opinion of the court explain the situation and are analogous to the case at bar: "There remains, therefore, to consider plaintiff's allegation of negligence in that the defendants failed to give any warning signal of their intention to make a turn in the street intersection, * * *. It is evident that the boy on the bicycle could see the automobile as plainly as the driver of the car could see the boy. * * * It is elementary that negligence may not be predicated on the failure to give signals when such failure in no wise can be said to be the proximate cause of the injury. * * * Plaintiff's ward was not exposed to injury because of any lack of statutory signal, if one was not given, nor does any rule of common law bring the defendants within the duty claimed by plaintiff. It cannot be said that the alleged failure to give a signal had any causative and proximate relation to the collision and the resulting damages."

In the case of Steen v. Hunt, supra, the question of knowledge of a car turning was involved. The court instructed specifically and definitely on the point, much clearer than in the case at bar. In the Steen case we said (pages 42, 43 of 234 Iowa): "In the latter part of Instruction No. 19, the court instructed the jury that it was contended by the appellee that he and the appellant John Hunt, Jr., had made an arrangement at the scene of the first accident to proceed to the north oil station. * * * 'then you are instructed that the defendant John Hunt, Jr., had

knowledge of the fact, if you find it to be a fact, that the plaintiff would make a left-hand turn at the said north D-X oil station and the defendant, John Hunt, Jr., would have knowledge of the very thing that a left-hand signal by the plaintiff, if given, would tend to impart, * * * plaintiff would not be guilty of contributory negligence in this respect.' "

When the trial court used the words to the jury "you may consider", the court made a statement too mild in its meaning. It should have instructed in a positive and definite manner that if the jury found from the evidence that defendant knew plaintiff's decedent acted in such a manner that he was going to either stop or turn, his knowledge would be a substitute for the giving of any signal. When the court did not instruct positively and definitely to this effect there was great room for the jury to become confused and to decide that as long as no mechanical signals or hand signals were given, plaintiff's decedent was guilty of contributory negligence. It is the vital point in the case and it should be crystal clear and there should be nothing in the instructions which would in any way confuse the jury as to this point. It was error for the court not to give appellant's Instruction No. 1 or the substance thereof.

III. Having decided the case should be reversed and remanded for a new trial we will not give extended consideration to the other assignments of error. Suffice to say, with reference to the claims made by appellant as to admission of some evidence and curtailing of cross-examination and abuse of a witness by appellee's counsel, that such matters were primarily the result of a bitterly contested lawsuit, with able and experienced counsel on both sides. In other words, they were largely the give-and-take of a bitterly fought trial. We do not find in the record any evidence as to such matters which can be called prejudicial error.

The case is reversed and remanded for a new trial.—Reversed and remanded.

GARFIELD, C. J., and HAYS, THOMPSON and SNELL, JJ., concur.

MOORE, LARSON, THORNTON and STUART, JJ., dissent.

314

MOORE, J.—I dissent.

I. The majority opinion sets out only part of the testimony of defendant and apparently assumes it created the only problem by way of instructions for the trial court to submit to the jury the question of decedent's contributory negligence.

In addition to the positive testimony of defendant that he did not know decedent was about to make a right turn and he figured decedent was going to do something of the sort in the way of stopping or turning, the record discloses other testimony that decedent, as he approached the driveway, slowed the truck to "just a walk" when defendant was approximately 60 feet behind him. The testimony of David Fellows so indicates. Fellows also testified he was driving about 100 feet back of defendant's vehicle and when he observed decedent slow down he did not know what decedent was going to do and did not know whether he was going to make a turn or stop.

The witness, Max Werling, testified when he observed the truck he thought it was turning short of the driveway.

Thus the trial court was faced with properly instructing the jury upon the question of whether defendant knew or might have known the decedent was about to stop, turn or only suddenly decrease the speed of his vehicle.

With such a record, plaintiff's counsel filed only one requested instruction regarding the movement of decedent's truck which refers only to turning. It is Instruction No. 1, in the following form:

"You are instructed that the statutes of the State of Iowa provide that no person shall turn a motor vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then only after giving an appropriate signal continuously during not less than the last 100 feet traveled before turning, by mechanical or electrical directional devices or by extending the hand and arm upward from the left side of the vehicle when the intention is to turn right, and the law provides that a failure to comply with this provision constitutes negligence.

"In this connection you are instructed that if plaintiff's decedent in the exercise of reasonable care could not turn off the

highway with reasonable safety, then he was under a duty to give the signal as above provided and his failure to give such signal would constitute negligence.

"You are further instructed, however, that such negligence on the part of plaintiff's decedent, if any, would not amount to such contributory negligence as would prevent recovery in this lawsuit unless his failure to signal contributed in some way or in some degree directly to the collision, and if you find by a preponderance of the competent, credible evidence that the defendant had actual knowledge of plaintiff's decedent's intention to turn, and there was sufficient time to avoid the collision, then there would be no contributory negligence on the part of plaintiff's decedent for failure to give the signal."

The court in attempting to instruct on all phases regarding the movement of decedent's truck gave Instruction No. 10, as follows:

"The statutes of the State of Iowa provide that no person shall turn a motor vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then only after giving an appropriate signal continuously during not less than the last one hundred feet traveled before turning, by mechanical or electrical directional devices or by extending the hand and arm upward from the left side of the vehicle when the intention is to turn right.

"The laws of Iowa also provide that no person shall stop or suddenly decrease the speed of a motor vehicle without first giving an appropriate signal to the driver of any vehicle immediately to the rear when there is an opportunity to do so, which signal shall be by mechanical or electrical directional devices or by extending the hand and arm downward from the left side of the vehicle.

"A failure to comply with the foregoing provisions of law constitutes negligence.

"If you find that plaintiff's decedent was negligent for failure to give such signal, and if you further find such negligence did not contribute in a direct manner to the collision then there would be no contributory negligence on the part of plaintiff's decedent for failure to give such signal. In this connection

you may consider whether or not the defendant observed the truck of plaintiff's decedent prior to the collision and whether from said observation defendant had knowledge that plaintiff's decedent was going to make a right-hand turn, stop or suddenly decrease the speed of his truck and had sufficient time in the exercise of reasonable care to avoid the collision.

"But if you find plaintiff's decedent was negligent for failure to give such signal and if you further find such negligence did contribute in a direct manner to the collision under all of the facts and circumstances then there would be contributory negligence on the part of plaintiff's decedent for failure to give such signal."

Plaintiff's counsel took exception to the court's refusal to give requested Instruction No. 1 for the reason the same is a correct statement of the law and not fully embodied in the whole or substantially in part in any of the court's instructions.

A comparison of plaintiff's requested Instruction No. 1 with the court's Instruction No. 10 clearly demonstrates the court fairly submitted to the jury for their consideration the question of decedent's contributory negligence and clearly stated any negligence on the part of the decedent would not bar recovery unless it contributed in a direct manner to the collision.

Instruction No. 10 presents to the jurors plaintiff's contentions as indicated in requested Instruction No. 1 and covers not only turning of the truck but stopping or suddenly decreasing its speed.

In Law v. Bryant Asphaltic Paving Co., 175 Iowa 747, 753, 157 N.W. 175, 177, 7 A. L. R. 1189, we said:

"It is probably true that no instruction or charge to a jury has ever been drawn with such perfect clearness and precision that an ingenious lawyer, in the seclusion and quiet of his office, with a dictionary at his elbow, cannot extract therefrom some legal heresy of more or less startling character. The real test of the meaning and effect of an instruction for the purpose of review by an appellate court ought to be, and we think is, the idea which the language objected to is fairly calculated to convey to the minds of jurors drawn from the ordinary walks of life; and the fact that, upon a minute, technical or hypercritical

analysis, some other interpretation can be placed thereon, may be disregarded."

See also Hicks v. Goodman, 248 Iowa 1184, 1189, 85 N.W.2d 6, 8.

Instruction No. 10, in my opinion, fairly conveys the idea that any failure to signal must have a direct causal connection with the accident in order to bar recovery.

II. In Instruction No. 2 the trial court submitted to the jury plaintiff's pleaded theory of last clear chance. The jury found for the defendant and necessarily determined defendant was not negligent after discovering decedent in a place of peril. With such a finding no prejudice could possibly result to plaintiff's case due to the trial court's failure to give plaintiff's requested Instruction No. 1.

I would affirm.

LARSON, THORNTON and STUART, JJ., join in this dissent.